IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GILBERTO ALVAREZ, | § § § | |
| Plaintiff | § § | Civil No. 6:16-cv-172 |
| -v- | § § § | |
| DEPARTMENT OF THE ARMY | § | |
| Defendant. | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Plaintiff Gilberto Alvarez and files Plaintiff's Original Complaint.

Since 1980, Mr. Gilberto Alvarez has served his country as an Orthotist/Prosthetist for the United States Army. When he was discharged in 1995, Mr. Alvarez was given a 10 point disability preference. Since 2007, Mr. Alvarez has been working in the Orthopedic Brace Shop at Fort Hood. In April 2014, Mr. Alvarez found out that he was not permitted to apply to a supervisory position in the Brace Shop. Instead without posting the position or constituting a hiring panel, Fort Hood hired a non-disabled Caucasian male for the position. Mr. Alvarez complained to the Fort Hood EEO that he was being discriminated against based on his race. Then in July, Mr. Alvarez applied for a Supervisory Orthotist Prosthetist position. Based on category rating procedures, Mr. Alvarez was designated the best-qualified candidate. He was also given the highest veterans preference rating of 10 points. However, because of Mr. Alvarez's disability rating and his EEO

___

PLAINTIFF'S ORIGINAL COMPLAINT Page— 1

activity, Fort Hood passed over Mr. Alvarez, and violated hiring policies to hire the non-disabled father of a current employee. To date, Mr. Alvarez has never been considered for this supervisory position. The Department's actions violate federal law.

# I
# PARTIES

1. Plaintiff Gilberto Alvarez is an individual who resides in Bell County, Texas.

2. Defendant, Department of the Army, is governmental unit operating out of Fort Hood, Texas in Bell County.

# II
# JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear this complaint under 28 U.S.C. § 1331, this action being brought under 29 C.F.R. 1614.407; 42 U.S.C. § 2000e et seq., 29 U.S.C. § 701.

4. Venue is appropriate because the acts giving rise to this lawsuit occurred within Bell County, Texas in the Western District of Texas.

# III
# FACTS

5. Since 1980, Mr. Gilberto Alvarez has worked as an Orthotist/Prosthetist for the United States Army.

6. As a non-commissioned officer, Mr. Alvarez performed this work in Nuernberg, West Germany before the Wall came down. Then he went to Fort Dix in New Jersey, then to Fort Sill in Oklahoma.

7. When Mr. Alvarez became a Civilian in 1995, he continued working at Fort Sill for ten more years as the Orthotist/Prosthetist chief and supervisor from May 1996 to December 2005.

8. Mr. Alvarez has a CP veteran's Preference rating, which means that Mr. Alvarez has a 10 point preference and a 10-30% disability rating.

9. In 2007, Mr. Alvarez transferred to the Brace Shop at Fort Hood, Texas. At that time, he had a GS-9 pay grade.

10. His supervisor from 2007 until August 2013 was James Spell, who was Chief of the Brace Shop.

11. Mr. Spell did not like Mr. Alvarez because Mr. Alvarez was Hispanic. Mr. Spell used multiple racial slurs against Mr. Alvarez, calling him a "beaner" and a "wetback."

12. Mr. Spell told Mr. Alvarez that he should not have bought a house in Killeen.

13. Despite James Spell's racism, he could not deny Mr. Alvarez's performance. For the next six years, Mr. Alvarez was consistently rated excellent on performance reviews.

14. In May 2013, Mr. Spell announced his retirement and took off until the effective retirement date of August 31, 2013.

15. On May 24, 2013, Colonel Gregory Weaver named Mr. Alvarez Acting Chief of the Brace Shop, effective June 3, 2013. If Mr. Alvarez had been allowed to work in that position for 90 days, he would have been promoted to GS-11. Instead, he was discriminated against.

16. When Mr. Spell found out that Mr. Alvarez, an Hispanic, had been promoted to Acting Chief, he demoted Mr. Alvarez, GS-9, to the same level and duties as Matthew Perez, a GS-7 in the Brace Shop.

17. On May 31, 2013, Mr. Alvarez questioned why Mr. Spell was still being allowed to make policy for the Brace shop. Colonel Weaver never responded.

18. Instead on June 17, Major Ivan Antosh, Caucasian, was declared Acting Chief of the Brace Shop, despite not having any Orthotic credentials. Since then Major Carthon, African-American female, was made chief from May 2015 until December 2015. Then Captain Winterroth, Caucasian male became chief. In June 2016, Ltc. Ayonnete, Caucasian male, will take over. Unlike Mr. Alvarez, none of Brace Shop Chiefs have any Orthotic credentials.

19. In early 2014, Mr. Alvarez discovered by viewing the department chief meeting notes that that a Supervisory Orthotist Prostetist position would be posted on March 7, 2014. This position would have a rating of GS-11, the step would be negotiated, and would have included a significant raise and more responsibility.

20. However, the position was never posted on the USAJobs site. Instead, Major Antosh and Valentin Cruz, Health Specialist, hired Eric Christianson from California. No interview panel was created. And no applications besides Mr. Christianson's were considered.

21. On April 14, 2014, Mr. Christianson's offer of employment was announced.

22. On May 15, 2014, Mr. Alvarez first complained to the Fort Hood EEO that he was being discriminated against because of his race when he was prevented from applying for the supervisory position.

23. In June 2014, Mr. Alvarez filed a formal complaint of discrimination with the EEO.

24. Major Antosh then retaliated against Mr. Alvarez for this complaint.

25. Ultimately, Mr. Christianson was not hired and the position was posted in July 2014.

26. There were four applicants. Based on the Department of the Army's category rating procedures and the applicant's qualifications, Mr. Alvarez was rated as the best-qualified candidate and placed at the top of the list.

27. According to the certificate of eligibility, not only was Mr. Alvarez rated as the best qualified candidate, but he was also the only one with a 10 point veterans' preference rating and a disability rating.

28. Mr. Alvarez should have been hired for the position.

29. Instead, because of Mr. Alvarez's disability rating and his complaint of race discrimination, Major Antosh and Mr. Cruz passed over Mr. Alvarez. Instead, they hired Richard Perez, a non-disabled veteran who had not filed an EEO complaint and is the father of Matthew Perez.

30. Hiring the father of a current employee to be a supervisor in the same department as his son violates Fort Hood's hiring policies.

31. Mr. Alvarez amended his EEO complaint to include retaliation and his amendments were accepted in September 2014. Mr. Alvarez then amended his complaint a second time on January 13, 2015 to include disability discrimination. Those amendments were also accepted.

32. Mr. Alvarez requested an EEO hearing on his claims in February 2015. To date, his complaint has not been assigned to an ALJ.

33. All conditions precedent to the filing of this suit have been met.

## IV
## FIRST CAUSE OF ACTION: DISABILITY DISCRIMINATION

34. Plaintiff incorporates paragraphs 1-33 as if restated herein.

35. Plaintiff has a disability under the Americans with Disabilities Act and Rehabilitation Act.

36. Plaintiff was not selected for promotions solely because of his disability.

37. Defendant's actions caused Plaintiff to suffer damages.

## V
## SECOND CAUSE OF ACTION: RETALIATION

38. In the alternative, Plaintiff was not promoted because he had engaged in EEO activity.

39. Plaintiff engaged in protected activity when he complained to the Fort Hood EEO in May 2014 that he was being discriminated and retaliated against because of his race and national origin.

40. Plaintiff was not promoted because of his EEO activity.

41. Defendant violated the law when it did not promote Plaintiff because of his EEO activity.

42. Because of Defendant's actions, Plaintiff has suffered damages.

## VI
## JURY DEMAND

43. Plaintiff demands trial by jury and will tender the appropriate fee.

## VII
## DAMAGES

44. Plaintiff seeks all damages allowed under the law, including monetary relief and:

    (a) Plaintiff seeks an injunction prohibiting Defendant from engaging in unlawful practices.

    (b) Plaintiff seeks additional equitable relief as may be appropriate such as promotion, back pay, front pay, and court costs.

    (c) Plaintiff seeks compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

    (d) Plaintiff seeks reasonable attorney's fees and costs including reasonable expert fees.

    (e) Plaintiff seeks pre and post judgment interest at the maximum rate allowed by law.

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be cited to appear and, that upon a trial on the merits, that all relief

_____
PLAINTIFF'S ORIGINAL COMPLAINT Page— 7

requested be awarded to Plaintiff, and for such other and further relief to which Plaintiff is justly entitled.

          Respectfully submitted,
          ROB WILEY, P.C.

          By: /s/ Colin Walsh
          Robert J. Wiley
          Texas Bar No. 24013750
          *Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*
          Colin Walsh
          Texas Bar No. 24079538

          ROB WILEY, P.C.
          1011 San Jacinto Blvd., ste 401
          Austin, TX 78701
          Telephone: (512) 27-5527
          Facsimile:  (512) 287-3084
          cwalsh@robwiley.com
          ATTORNEYS FOR PLAINTIFF