UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GILBERTO ALVAREZ, § § *Plaintiff*, § v. § § DEPARTMENT OF THE ARMY, § § *Defendant*. § | WA-16-CV-00172-DCG |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant Department of the Army's ("Army") "Motion to Dismiss Pursuant to FRCP 4(m) and 12(b)(5)" (ECF No. 10) ("Motion") filed on January 12, 2017. Also before the Court is United States Magistrate Judge Jeffery C. Manske's "Report and Recommendation" (ECF No. 15) ("R & R") issued on March 21, 2017, recommending that the Court grant the Army's Motion and dismiss this case without prejudice. For the reasons that follow, the Court ACCEPTS IN PART and REJECTS IN PART the Magistrate's R & R and DENIES the Army's Motion.

### I. BACKGROUND

On June 15, 2016, Plaintiff Gilberto Alvarez ("Alvarez"), a Hispanic, disabled male, brought this lawsuit against the Army, his employer, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.*; and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*[1] Relatedly, on October 21, 2016, the Army's Equal Employment Office ("EEO") issued its final decision on Alvarez's complaint of discrimination (which he filed with the EEO on June 26,

---

[1] Compl. ¶¶ 3, 34–42, ECF No. 1.

2014) and a right to sue letter instructing him to file any civil action within 90 days, *i.e.*, by, on or about, January 19, 2017.[2]

On June 20, 2016, Alvarez attempted to serve the Army by serving Thaddeus Podbielski, Staff Judge Advocate, at Fort Hood, Texas;[3] apparently, Alvarez's counsel relied on the EEO's advice that Podbielski is the right individual to accept service on behalf of the Army.[4] On November 10, 2016, *i.e.*, 148 days since the filing of this lawsuit, the Magistrate issued an Order (ECF No. 5), wherein the court held that service on Podbielski did not "comply with the Federal Rules of Civil Procedure concerning what constitutes proper service upon a United States agency."[5] The Magistrate ordered Alvarez to show cause why his case should not be dismissed pursuant to Federal Rules of Civil Procedure (hereinafter "Rules") 4(i) and 4(m).[6]

On November 14, 2016, Alvarez requested the district clerk to issue a new summons addressed to "Ms. Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas,"[7] and attempted to serve the United States by serving Ms. Rico.[8] By then, 152 days have passed since Alvarez brought his lawsuit. Alvarez made no further request for issuance of summons. In response to the Magistrate's Order, Alvarez declared that

---

[2] Pl.'s Objs. to Magistrate Ct.'s R & R [hereinafter "Objs."], Ex. 1, ECF No. 16-1.

[3] Cert. of Service, ECF No. 4.

[4] Pl.'s Resp. to Show Cause Order at 1, ECF No. 8.

[5] Order at 1–2 (citing Fed. R. Civ. P. 4(i)), ECF No. 5.

[6] *Id.* at 2.

[7] Req. for Issuance of Summons, ECF No. 6.

[8] Summons Returned Executed, ECF No. 9; Pl.'s Resp. to Show Cause Order, Ex. 1, ECF No. 8-1.

he complied with Rule 4(i)(1) and requested additional time to cure deficiency in serving the United States.[9]

On January 12, 2017, the Army filed the instant Motion, requesting that Alvarez's complaint be dismissed for failure to properly perfect service.[10] The Army argued that "[m]ore than 200 days have passed since Plaintiff filed his judicial complaint and, to date, he has not served a copy of the summons and complaint on the Attorney General and the Department of the Army."[11] It also argued that Alvarez cannot show good cause for failure to timely effect service.[12]

On the same day, but after the Army filed the Motion, Alvarez's counsel sent via certified mail copies of the summons and the complaint to the Attorney General and to the Chief of the Litigation Division of the Army.[13] By this time, 211 days have passed since Alvarez brought this lawsuit. In his response to the Motion, which Alvarez filed on the same day, he argued that his case should not be dismissed in part because "within minutes of reading Defendant's motion," he

---

[9] Pl.'s Resp. to Show Cause Order at 1.

[10] Mot. at 4.

[11] Mot. at 2 (citing Fed. R. Civ. P. 4(i)(1)–(2)). Rule 4(i)(2) provides, in relevant part: "To serve a United States agency . . . , a party must <u>serve the United States</u> *and* also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." Fed. R. Civ. P. 4(i)(2) (underlines and italics added). Rule 4(i)(1) provides in relevant part: "To serve the United States, a party must . . . send a copy of each [the summons and the complaint] by registered or certified mail to the civil-process clerk at the United States attorney's office," for the district where the action is brought, Fed. R. Civ. P. 4(i)(1)(A)(ii), and another copy of same "to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1)(B).

[12] Mot. at 3.

[13] Pl.'s Resp. to Def.'s Mot. to Dismiss at 1 [hereinafter, "Resp. to Mot."], ECF No. 11; Acknowledgment of Service, ECF Nos. 13, 14; *see also* 32 C.F.R. § 516.14 ("The Chief, Litigation Division, shall accept service of process for Department of the Army or for the Secretary of the Army in his official capacity.").

cured the service deficiencies the Army complained of in its Motion.[14] On January 19, 2017, the Army filed a reply, wherein it reurged its request for dismissal of the case on the ground that Alvarez has not shown good cause for his delay in effecting service under Rule 4(i).[15] In the alternative, the Army requested that the Magistrate "allow sixty days for Defendant to file its responsive pleading, calculated from the date service is completed pursuant to Rule 4(i) based on the returns of service anticipated to be filed by Plaintiff with the Court."[16]

On March 21, 2017, the Magistrate issued the R & R, wherein the court recommended that the Army's Motion be granted and therefore, Alvarez's complaint be dismissed without prejudice.[17] On March 28, 2017, Alvarez timely filed "Objections to the Magistrate Court's Report and Recommendation" (ECF No. 16) ("Objections"). The Army filed its "Response to Plaintiff's Objections to the Magistrate Court's Report and Recommendation" (ECF No. 17) ("Response to Objections") on April 11, and Alvarez followed by filing his "Reply to Defendant's Response to Plaintiff's Objections to the Magistrate Court's Report and Recommendation" (ECF No. 18) ("Reply to Objections") on April 18. On July 18, 2017, the case was reassigned to this Court.[18]

---

[14] Resp. to Mot. at 2–3. According to Alvarez, the Army Litigation Chief received a copy of the summons and complaint on January 17, 2017, and the Attorney General received same on January 19, 2017. Objs. at 3.

[15] Def.'s Reply to Pl.'s Resp. to Def.'s Mot. to Dismiss at 1–2 [hereinafter "Reply to Mot."], ECF No. 12.

[16] *Id.* at 2.

[17] R & R at 5.

[18] *See* Order of Recusal, ECF No. 21.

## II. STANDARD

### *1. Review of the Magistrate's R & R*

As Alvarez has timely filed objections to the Magistrate's R & R, he is thus entitled to a *de novo* determination of those portions of the R & R to which he objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Longmire v. Guste*, 921 F.2d 620, 624 (5th Cir. 1991). In undertaking this *de novo* review, a "district court has wide discretion to consider and reconsider the magistrate judge's recommendation," *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 211 (5th Cir. 2010), and the court may accept, reject, or modify the report, in whole or in part, 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As to any unobjected-to portion of the report, the Court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (*per curiam*).

### *2. Motions Pursuant to Rules 12(b)(5) and 4(m)*

Pursuant to Rule 12(b)(5), a defendant may move for dismissal for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). A Rule 12(b)(5) motion challenges "the mode of delivery or the lack of delivery of the summons and complaint." 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.); *see also Gartin v. Par Pharms. Co.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (*per curiam*). In ruling on the motion, the Court must, in turn, look to Rule 4, which applies to the issuance of summons and service of process. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed.) ("The procedural requirements for proper service are set forth in Rule 4 and they are incorporated by Rule 12(b).").

Rule 4(m) provides:

> If a defendant is not served *within 90 days* after the complaint is filed, the court--
> on motion or on its own after notice to the plaintiff--must dismiss the action

> *without prejudice* against that defendant or order that service be made within a specified time. But if the plaintiff shows *good cause* for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). "When service of process is challenged, the serving party bears the burden of proving . . . good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (internal quotation marks and citation omitted). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (same). However, if "the applicable statute of limitations likely bars future litigation," the court must apply "the same heightened standard" that is applicable to a motion involving "a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

## III. DISCUSSION

### A. The Magistrate's Findings

The Magistrate based his recommendation for dismissal on two alternative grounds. R & R at 5. First, the court determined that Alvarez failed to properly serve upon the Attorney General and the Army's Litigation Chief, as required by Rules 4(a)(1) and (2), even though he mailed a copy of the Complaint to each. *Id.* at 3–4. The court reasoned that there was no evidence that Alvarez requested summons "for these two individuals"; instead, the record indicated, the court noted, that Plaintiff only requested the district-court clerk to issue summons to the civil process clerk of the United States Attorney (hereinafter AUSA Civil Process Clerk). *Id.* at 3; *see also* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1084 (4th ed.) ("[T]he plaintiff, not the clerk, bears the responsibility for the preparation, presentment to the clerk, and service of the summons."). In the court's view, therefore, sending

a copy of the summons that was issued as to the AUSA Civil Process Clerk did not comply with the Rules' requirement of sending "a copy of the summons and of the complaint," Fed. R. Civ. P. 4(i)(1)–(2), to the Attorney General and the Army; instead, Alvarez was required to request and thereby send two distinct summons—one issued as to the Attorney General and the other issued as to the Army's Litigation Chief.

Second, and alternatively, the court assumed *arguendo* that Alvarez cured his service deficiencies by January 12, 2017 (when he sent a copy of the summon and the Complaint to the Attorney General and the Chief of the Litigation Division of the Army) and thereby properly effectuated service on the Army, *see* R & R at 4, but determined that Alvarez failed to show good cause for his failure to timely serve, *id.* at 5; *see also id.* at 5 ("Once a defendant challenges the propriety of service of process, it is the plaintiff's burden to show good cause for the failure to affect timely and proper service." (citing *Thrasher*, 709 F.3d at 511)).

## B. This Court's Rulings on Plaintiff's Objections to the Magistrate's R & R and Defendant's Motion

Alvarez first objects to the Magistrate's holding that for purposes of Rules 4(i)(1)-(2), Alvarez was required to send a copy of distinct summonses specifically issued as to the Attorney General and the Army's Litigation Chief. Objs. at 8–10; *see also* R & R at 3–4. He contends that neither Rule 4(i)(1), nor Rule 4(i)(2) requires such individual summonses.[19] In the R & R, the Magistrate did not elaborate on why such distinct summonses are mandated under these rules. Alvarez, on the other hand, relies on the plain language of the rules only, without citing any case, binding or otherwise, interpreting them.

---

[19] *See* Objs. at 10 ("To the extent Plaintiff has misread the rule, Plaintiff will request and immediately serve individual summons on the current U.S. Attorney General and the Chief of the Litigation division. If that is what this Court requires, then Plaintiff requests a brief extension under Rule 4(i)(4).").

The Court is not aware of any case that squarely addresses this issue. It appears that as a matter of practice, such distinct summonses are issued, in particular in cases where the district clerk is responsible for preparing and issuing summons on behalf of an *in forma pauperis* plaintiff. *E.g.*, *Watkins v. United States*, No. 3:17-CV-00194 (W.D. Tex.), ECF Nos. 4, 5; *Nares v. Berryhill*, No. 3:17-CV-158 (W.D. Tex.), ECF Nos. 5, 6, 7. However, there are authorities, though not on-point, that lend some support to Alvarez's reading of the rules. *See Marmolejos v. United States*, 283 F.R.D. 63, 64, 66–67 (D.P.R. 2012) (rejecting the United States' argument that the service of process was deficient, where the plaintiff's counsel sent a copy of a single summons to the civil process clerk, the Attorney General, and the Federal Bureau of Prisons); *see also* Fed. R. Civ. P. 4(b) ("A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served." (emphasis added)); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1107 (4th ed.) ("[S]uits against federal agencies . . . essentially are suits against the United States."). Be that as it may, the Court need not resolve this issue of interpretation because the Army does not challenge Alvarez's service on this ground.[20]

Next, Alvarez objects to the Magistrate's determination that he did not show good cause for his failure to timely serve the Army; this determination served as an alternative ground upon which the Magistrate recommended dismissal. Objs. at 8–9. Having conducted a *de novo* review, the Court agrees with the Magistrate's determination and therefore, overrules Alvarez's objection on this ground. That, however, does not end the analysis here, in part because Alvarez now advances an issue that he did not raise before the Magistrate. *Cf. Thrasher*, 709 F.3d at 511

---

[20] Before the Magistrate, the Army did not challenge Alvarez's assertion that he "fix[ed]" the service deficiencies. Resp. to Mot. at 2–3; Reply to Mot. Further, as Alvarez points out, in its post–R & R filing, the Army "does not dispute that the Army was fully served by January 19, 2017." Objs. at 1; *see also* Resp. to Objs., ECF No. 17.

("Even if the plaintiff lacks good cause, the court has discretion to extend the time for service."); Fed. R. Civ. P. 4(i)(4)(A) ("The court must allow a party a reasonable time to cure its failure to[] serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States."); Fed. R. Civ. P. 4 advisory committee's note to 1993 amendment ("Paragraph (3) [now Rule 4(i)(4)(A)] saves the plaintiff from the hazard of losing a substantive right because of failure to comply with the complex requirements of multiple service under this subdivision. That risk has proved to be more than nominal."); Fed. R. Civ. P. 4 advisory committee's note to 2000 amendment ("There is no requirement . . . that the plaintiff show that the failure to serve the United States was reasonable.").

For the first time, Alvarez argues that if the case is dismissed even without prejudice, he would likely be time-barred from reasserting his claims in a new lawsuit. Objs. 5. He points out that the 90-day period (that started running from date on which the EEO issued the right to sue letter) to bring a civil action has expired by the time the Army filed its reply to the Motion. *Id.* Army counters that Alvarez has waived this argument because he did not raise that argument before the Magistrate. Resp. to Objs. at 1. In support, it relies on *Freeman v. County of Bexar* 142 F.3d 848 (5th Cir. 1998). In *Freeman*, a panel of the Fifth Circuit said "[i]n *Cupit v. Whitley*, it was held that a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman*, 142 F.3d at 851 (citing *Cupit*, 28 F.3d 532, 535 (5th Cir. 1994)).

However, the panel went on to clarify that "*Cupit* holds only that waiver *may* bar a party from raising new legal objections to the district court." *Id.* at 852 (emphasis added). *Freeman* or *Cupit* does not strip this Court of its discretion to consider a new issue not previously raised

before a magistrate court on a referral under 28 U.S.C. § 636(b). *Cf. Hurndon v. Apfel*, 232 F.3d 208, 2000 WL 1272757, at *2 (5th Cir. 2000) (unpublished table decision) (holding, after citing *Freeman*, that the "district court did not *abuse its discretion* in failing to consider Hurndon's argument, raised for the first time in her objections to the magistrate's report." (emphasis added)); *see also Commercial Credit Corp. v. Pepper*, 187 F.2d 71, 75 (5th Cir. 1951) (defining judicial discretion as "what is right and in the interests of justice"). Because here a dismissal without prejudice, which the Magistrate recommended, would likely amount, in effect, to a dismissal with prejudice,[21] and dismissal with prejudice 'is an extreme sanction that deprives a litigant of the opportunity to pursue his claim," *Thrasher*, 709 F.3d at 512–13 (internal quotation marks and citation omitted), the Court exercises its discretion to consider the new issue Alvarez now raises and applies the heightened standard that is applicable to a motion involving a dismissal with prejudice, *Millan*, 546 F.3d at 326, *supra*.

Such a dismissal "is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice," *Millan*, 546 F.3d at 326. The Fifth Circuit has "generally *only* affirmed [with-prejudice dismissals] when the delay: (1) was caused by the plaintiff himself, as opposed to by counsel; (2) resulted in actual prejudice to the defendants; or (3) was caused by intentional conduct." *Lozano v. Bosdet*, 693 F.3d 485, 490 (5th Cir. 2012) (emphasis added). Moreover, to warrant dismissal under such circumstances, there must be a finding of "a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" *Thrasher*, 709 F.3d at 513 (quoting *Millan*, 546 F.3d at 326–27).

---

[21] *See Rogers v. Korger Co.*, 669 F.2d 317, 323 n.9 (5th Cir. 1982) ("Although in many cases a dismissal without prejudice is considered a less severe sanction than a dismissal with prejudice, ... such an alternative is unavailable in this case. This is so because the statutes of limitations have run on [the plaintiff's] claims, thus rendering dismissals with or without prejudice equally severe.").

Here, the delay in effecting service is little over four months, beyond the 90-day period for service provided under Rule 4(m). The delay was due to counsel for Alvarez, not Alvarez himself. *See* Objs. at 6 ("[T]hroughout the above period, *Plaintiff's counsel* acted immediately to fix any deficiencies in service as soon as they became apparent." (emphasis added)). The Army does not contend, and the Court finds no evidence, that the delay resulted in actual prejudice to the Army. Nor is there any evidence of intentional misconduct.

Accordingly, the Court finds that the Army's Motion should be denied. Further, in recommending dismissal, the Magistrate did not have the benefit of Alvarez's new argument raised here. The Court therefore rejects the Magistrate's ultimate recommendation for dismissal. Finally, the Court will allow sixty days (from the filing of this Order) for the Army to file its responsive pleading. *See* Reply to Mot. at 3.

## IV. CONCLUSION

**IT IS ORDERED** that the "Report and Recommendation" (ECF No. 15) is **ACCEPTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendant Department of the Army's "Motion to Dismiss Pursuant to FRCP 4(m) and 12(b)(5)" (ECF No. 10) **IS DENIED**.

**IT IS FINALLY ORDERED** that Defendant shall have sixty days from the date of this Order to file its responsive pleading.

So ORDERED and SIGNED this 15th day of August 2017.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**