UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| GILBERTO ALVAREZ, § <br> § <br> *Plaintiff*, § <br> v. § <br> § <br> MARK ESPER, *in his official capacity as* § <br> *Secretary of the Department of the Army*, § <br> § <br> *Defendant.* § | WA-16-CV-00172-DCG |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is "Motion to Dismiss" (ECF No. 31) filed by Defendant Mark Esper, in his official capacity as Secretary of the Department of the Army (the "Secretary"). Therein, the Secretary asks the Court to dismiss Plaintiff Gilberto Alvarez's ("Alvarez") disability discrimination claim. For the reasons that follow, the Court **DENIES** the motion.

### I. BACKGROUND[1]

Alvarez is Hispanic and a disabled veteran.[2] Since 1980, he has worked for the United States Army as an orthoptist/prosthetist.[3] After he became a "Civilian" in 1995, he worked as the orthoptist/prosthetist chief at Fort Sills in Oklahoma for more than ten years.[4] In 2007, he

---

[1] The Background section describes facts that are taken from Plaintiff's First Amended Complaint (ECF No. 29) (hereinafter, referred to simply as "Amended Complaint") and are assumed to be true for purposes of this motion. *See* Part II (Standard), *infra*. It also describes facts that are drawn from a letter that Alvarez submitted as an exhibit to his response brief, since the letter is referred to in his Amended Complaint, *see* Am. Compl. ¶¶ 46–49, and is central to his claim, *see* Part II (Standard), *infra*.

[2] Am. Compl. ¶¶ 8–9, 12.

[3] *Id.* ¶ 5.

[4] *Id.* ¶ 7.

was transferred to the Orthopedic Brace Shop at Fort Hood in Killen, Texas; at the time, he had a GS-9 pay grade.[5]

In early 2014, Alvarez discovered that a Supervisory Orthoptist Prosthetist position at the Brace Shop, with a GS-11 pay grade, would be posted on USAJobs site in March that year.[6] The Brace Shop hired one Eric Christianson for the position, but the position was not posted, no interview panel was created, and no applications other than Christianson's were considered.[7] Christianson's offer of employment was announced on April 14, 2014. On May 15, 2014, Alvarez contacted the Army's Equal Employment Opportunity Office ("EEO") at Fort Hood and complained that he was discriminated against because of his race/national origin (Hispanic) when he was not selected for the Supervisory Orthoptist Prosthetist position.[8] In June 2014, he filed a formal complaint of discrimination with the EEO.[9]

Ultimately, Christianson was not hired, and the Supervisory Orthoptist Prosthetist position was posted on July 1, 2014.[10] Alvarez was passed over, and one Richard Perez, a non-disabled veteran, was hired to fill the position on September 8, 2014.[11] Three days later, Alvarez amended his EEO complaint to include a claim for retaliation, complaining that he was passed

---

[5] *Id.* ¶ 10.

[6] *Id.* ¶¶ 21, 22.

[7] *Id.* ¶ 22.

[8] *Id.* ¶ 24.

[9] *Id.* ¶ 25.

[10] *Id.* ¶ 29–30.

[11] *Id.* ¶¶ 34, 39, 42.

over because he had filed the EEO complaint.[12] The Army accepted the amendment on September 12, 2014.[13]

On January 13, 2015, Alvarez once again amended his EEO complaint, and this time, he added a claim for disability discrimination.[14] The basis of this claim was that he was discriminated on the basis of his physical disability, when a non-disabled applicant (Perez) was hired over him for the Supervisory Orthoptist Prosthetist.[15] On or about January 21, 2015, the Army accepted this amendment.[16]

In February 2015, Alvarez requested an EEO hearing on his claims.[17] Since the Army did not issue a final decision within 180 days of his filing of the formal complaint, Alvarez brought this lawsuit on June 15, 2016.[18] Later, pursuant to 29 C.F.R. § 1614.107(a)(3),[19] the Army dismissed Alvarez's complaint because he had filed this lawsuit.[20]

In his Amended Complaint (ECF No. 29) before this Court, Alvarez asserts claims for disability discrimination, in violation of the Rehabilitation Act of 1973 (the "Rehabilitation

---

[12] *Id.* ¶¶ 39, 43; Letter from Rex A. Thomas, EEO Manager, Dep't. of Army, to Alvarez, at 2 (Jan. 21, 2015) [hereinafter, "*Thomas Letter*"], ECF No. 32-1.

[13] Am. Compl. ¶ 44; *Thomas Letter*, at 1.

[14] Am. Compl. ¶ 45.

[15] *See id.* ¶¶ 45–46.

[16] *Id.* ¶ 46; *Thomas Letter* at 2.

[17] Am. Compl. ¶ 51.

[18] *Id.*

[19] The regulation provides in relevant part, "[p]rior to a request for a hearing in a case, the agency shall dismiss an entire complaint . . . [t]hat is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint[.]" 29 C.F.R. § 1614.107(a)(3).

[20] Pl.'s Objs. to Magistrate Ct.'s R & R, Ex. 1, ECF No. 16-1.

Act"), as amended, 29 U.S.C. § 701 *et seq.*,[21] and retaliation. In December 2017, the Secretary filed the instant motion. Mot. to Dismiss, ECF No. 31. Alvarez filed a Response to the motion, and the Secretary followed by filing a Reply. Resp., ECF No. 32; Reply, ECF No. 33.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court accepts well-pleaded facts as true and construes them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). A complaint will survive a motion to dismiss if its facts, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. The "Facial Plausibility" Standard

To meet the "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the complaint does not need detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court's task, then, is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012) (*en banc*) (citation and internal quotation marks omitted). "Determining whether the plausibility standard has been met is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Leal v. McHugh*, 731

---

[21] Am. Compl. ¶¶ 53–65. Although Alvarez's complaint also references the Americans with Disabilities Act ("ADA"), "the Rehabilitation Act . . . constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008).

F.3d 405, 410 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679). However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556.

B. Documents Considered in Ruling on a Motion to Dismiss

"It is well-established that, in deciding whether to grant a motion to dismiss, a district court may not 'go outside the complaint.'" *Rodriguez v. Rutter*, 310 F. App'x 623, 626 (5th Cir. 2009) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments."). The court may, however, consider documents attached to the motion or a response thereto, "if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Scanlan*, 343 F.3d at 536 (discussing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

III. DISCUSSION

By his motion, the Secretary asserts two grounds for dismissal of Alvarez's disability discrimination claim. First, he argues that Alvarez's failure to timely exhaust his administrative remedies with respect the claim deprives this Court of subject-matter jurisdiction over it. Mot. to Dismiss at 4, 7. Second, the Secretary argues that even if this Court has subject-matter jurisdiction, Alvarez fails to allege sufficient facts to state a claim for disability discrimination. *Id.* at 7, 9. Below, the Court addresses each ground in turn.

A. Exhaustion of Administrative Remedies

The Rehabilitation Act "established a private right of action, subject to the *same procedural constraints (administrative exhaustion, etc.)* set forth in Title VII of the Civil Rights Act." *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. Unit A Nov. 1981) (emphasis

added). Pursuant to an express Congressional delegation of rule-making authority, *see* 42 U.S.C. § 2000e-16(b), the Equal Employment Opportunity Commission ("EEOC") has promulgated regulations regarding the administrative remedies that are available to aggrieved employees of the Department of the Army. *See* 29 C.F.R. § 1614.103(b)(1); *Wall v. Runyon*, 135 F.3d 140, 1997 WL 812183, at *3 (5th Cir. 1997) (unpublished). Under one such regulation, federal sector employees must seek informal counseling within forty-five days of an adverse employment action: "An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a).

Here, the Secretary argues that Alvarez failed to comply with this regulation with respect to his disability discrimination claim. Mot. to Dismiss at 3. Consequently, claims the Secretary, Alvarez failed to exhaust his administrative remedies and in turn, this Court lacks subject-matter jurisdiction over the claim. *Id.* at 4.

The Court pauses here to address three procedural matters. First, it addresses the Secretary's proposition that failure to exhaust deprives this Court of subject-matter jurisdiction. "Fifth Circuit case law contains some conflicting authority on the question of whether exhaustion of EEOC administrative remedies is jurisdictional in a Title VII case." *Baker v. McHugh*, 672 F. App'x 357, 360 (5th Cir. 2016) (collecting cases). However, in a number of recent cases, the Fifth Circuit has relied on its earlier opinions under the rule of orderliness and held that Title VII's administrative exhaustion requirement is not jurisdictional, but is merely a precondition to filing suit, subject to waiver and estoppel. *E.g., Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018); *Davis v. Fort Bend Cty.*, 893 F.3d 300, 305–07 (5th Cir. 2018); *accord, Story v. Gibson*, --- F.3d ----, 2018 WL 3454826, at *2 (5th Cir. 2018). Moreover, the Fifth Circuit has long ago "specifically held that the requirement of timely contacting an EEO

counselor is non-jurisdictional." *Baker*, 672 F. App'x at 361 (citing *Henderson v. U.S. Veterans Admin.*, 790 F.2d 436, 440 (5th Cir. 1986)); *see also Henderson*, 790 F.2d at 439–40 ("The timely notification to the appropriate administrative authority of a complaint of discrimination is a precondition to suit and may bar the claim. Lack of timely notification, however, does not deprive the court of subject matter jurisdiction. The filing deadlines are in the nature of statutes of limitations which are subject to waiver, estoppel, and equitable tolling." (citations omitted)).

Second, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307. Consequently, the burden of pleading and proving the lack of administrative exhaustion lies with the agency defendant. Third, generally, raising the exhaustion defense based on a plaintiff's lack of compliance with 29 C.F.R. § 1614.105 "may easily be premature" because facts relevant to the defense "do not necessarily appear in the complaint." *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). Here, in contrast, the complaint is this case contains facts relevant to the defense in great detail. Moreover, along with his response to the Secretary's motion, Alvarez has submitted a copy of a letter by the Army's EEO—which he refers to in his complaint, Am. Compl. ¶¶ 46–49, and the Court finds, is central to his dispute over exhaustion. *See Scanlan*, 343 F.3d at 536, *supra*. Accordingly, the Court concludes, and the parties do not contest, that the instant motion is appropriate for adjudicating their disputes as to the exhaustion issue.

Returning to the parties' arguments, they agree that for purposes of Alvarez's disability discrimination claim, "the matter alleged to be discriminatory," 29 C.F.R. § 1614.105(a), is his September 8, 2014 non-selection for the Supervisory Orthoptist Prosthetist position. Am. Compl. ¶ 42; Mot. to Dismiss at 4; Resp. at 5. The Secretary points out that although Alvarez timely amended his formal complaint (hereinafter, referred to as the first amendment) to include

a claim for retaliation (*i.e.*, the September 8, 2014 non-selection) for his prior EEO activity, it was not until three months later—more than twice the allowed 45 days—that he sought to once again amend his complaint (hereinafter, referred to as the second amendment) to include the new legal theory of disability discrimination. Mot. to Dismiss at 4. Because he failed to comply with the requisite 45-day deadline to contact an EEO counselor about the disability discrimination claim, *id.* at 3, the Secretary argues, Alvarez failed to timely exhaust his administrative remedies with respect that claim, *id.* at 4.[22]

Alvarez responds that he amended his EEO complaint pursuant to 29 C.F.R. § 1614.106(d), an EEOC regulation governing amendment to EEO complaints filed by federal sector employees. Resp. at 5. The regulation provides that such a complaint may be amended

---

[22] In his Amended Complaint, Alvarez also asserts that his disability discrimination claim "relates back to the original charge," an assertion he does not repeat in his response to the instant motion. Am. Compl. ¶ 50. Apparently, to address this assertion, the Secretary argues that the second amendment does not relate back to the date of the first amendment. *See id.* at 4–7. In support, he cites *Manning v. Chevron Chemical Company, LLC*, 332 F.3d 874 (5th Cir. 2003)—which involved the interpretation and application of 29 C.F.R. § 1601.12(b), an EEOC regulation governing amendment to an EEOC complaint (as opposed to an EEO complaint) filed by private sector (as opposed to federal sector) employees. That regulation provides, in pertinent part:

> A charge may be amended to cure technical defects or omissions . . . or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will *relate back* to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.

29 C.F.R. § 1601.12(b) (emphasis added).

In deciding federal-sector employment-discrimination cases, the Fifth Circuit is cautious about relying on private-sector employment-discrimination cases. *E.g., Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006) ("Because the presently relevant scope of the exhaustion requirement is the same for both federal and private employees, we freely cite to both federal and private-sector employment-discrimination cases here."). *See also* Federal Sector Equal Employment Opportunity, 57 FR 12634-01, 12634 (EEOC Apr. 10, 1992) (promulgating final rules and regulations under 29 C.F.R. Part 1614) ("Many of the non-agency commenters advocated lengthening the time period [for informal counseling] to as much as 180 days arguing that 30 days was insufficient . . . and that there should be a symmetry between the private sector time limit for filing a charge and the federal sector time limit for contacting a counselor. . . . We do not believe that the analogy between the private sector filing period and the federal sector counseling time limit is apt.").

"*at any time prior to the conclusion of the investigation* to include issues or claims *like or related* to those raised in the complaint." 29 C.F.R. § 1614.106(d) (emphasis added). Alvarez argues further that the Army's EEO made a determination that his proposed disability discrimination claim was like or related to the already accepted claim and accepted the amendment to add the claim. Resp. at 6 (citing *Thomas Letter*; Am. Compl. ¶¶ 46–48). Moreover, he points out, *see* Resp. at 3, that the EEOC has held if a new claim meets the requirements of § 1614.106(d), "[t]here is no requirement that the amendment be subject to counseling," *Core v. Brownlee*, 2004 WL 189570, at *1 (E.E.O.C. Jan.23, 2004); *see also Ramirez v. Sec'y, U.S. Dep't. of Transp.*, 686 F.3d 1239, 1247 n.4 (11th Cir. 2012) ("The EEOC has explained (and case law confirms) that a claim "like or related to" the original claim is *not* subject to the 45–day counseling requirement."). Consequently, he asserts, the Secretary's motion should be denied. Resp. at 5.

The essence of Alvarez's arguments is this: because during the administrative process, the Army determined that his second amendment was timely and thereby accepted the amendment, the agency is now barred from raising the amendment's timeliness issue—be it under § 1614.105(a) or 1614.106(d)—in this lawsuit. "The law in this circuit is well-settled as to the facts that will trigger such a bar." *Daniels v. Caldera*, 237 F.3d 631, 2000 WL 1701699, at *5 n.8 (5th Cir. 2000) (unpublished). To be sure, a federal agency is not automatically barred from raising such timeliness issues in a civil action merely because it "accept[s] and investigate[s]" the amended claim during the administrative process. *Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. Unit A Apr. 1981). However, "[i]f the agency makes *a specific finding* during the administrative process that [an amendment to] the administrative complaint was timely, it cannot later defend against a civil complaint by arguing that the [amendment] was untimely." *Munoz v. Aldridge*, 894 F.2d 1489, 1495 (5th Cir. 1990) (emphasis added); *see also*

*Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992) ("In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely."); *Henderson*, 790 F.2d at 441 ("In this case, the agency fully investigated the timeliness of the complaint, and found a satisfactory reason for the delay. No more was required to fulfill the statutory prerequisites to suit, and the district court need not have reconsidered the question of timeliness" as the agency cannot "simply raise[] an objection in court that was mooted by [an] earlier unmodified finding.").

The Court finds that such a finding was made by the Army's EEO here. As noted above, § 1614.106(d) provides that a formal EEO complaint may be amended "*at any time prior to the conclusion of the investigation* to include issues or claims *like or related to* those raised in the complaint." 29 C.F.R. § 1614.106(d) (emphasis added). In a letter dated January 21, 2018, the Army's EEO manager acknowledged Alvarez's request for amending his complaint to add the disability discrimination claim. *Thomas Letter* at 2 ("On January 13, 2015, you sent an email stating you wanted to add an additional claim to your complaint[.] . . . You allege you were discriminated against based on your physical disability when you were not selected for the position of the Brace Shop Supervisory."). The EEO manager stated that "[b]ased on my *review of the complaint file*, . . . I have accepted the additional claim for investigation," *id.* (emphasis added), and further stated that "[s]ince your complaint is still in the investigation process[,] we are amending your complaint to add the [disability discrimination] claim," *id.*

Although the EEO manger did not expressly state that he found the disability discrimination claim was "like or related" to Alvarez's previously accepted retaliation claim, it is reasonable to infer from his letter that he made such a finding or otherwise found that the second amendment was timely. Critically, this is so because the manager accepted the amendment,

upon review of the complaint file. Moreover, although in the letter, the manager did not cite to § 1614.106(d), he recited that "[i]f a new claim, *not like or related* to a previously filed complaint, provides the basis for a separate complaint, the new claim will be referred to an EEO counselor and will be subject to all regulatory requirements regarding the EEO complaint process." *Id.* at 3 (emphasis added). As Alvarez points out, *see* Resp. at 6, the manager did not so refer. Further, EEOC regulations provide in relevant part:

> Prior to a request for a hearing in a case, *the agency shall dismiss an entire complaint*[] . . . [t]hat fails to comply with the applicable time limits contained in *§§ 1614.105, 1614.106* and 1614.204(c), unless the agency extends the time limits in accordance with § 1614.604(c), or that raises a matter that has not been brought to the attention of a Counselor and is *not like or related* to a matter that has been brought to the attention of a Counselor.

29 C.F.R. § 1614.107(a)(2) (emphasis added).[23] Again, as Alvarez points out, *see* Resp. at 6 (citing §§ 1614.107(a)–(b)), the Army did not dismiss his claim prior to his request for an EEO hearing on his claims. The Court finds that the Secretary is barred from raising the timeliness issue in this action, and therefore denies his motion on this ground.

## B. Pleading Sufficiency

The Rehabilitation Act and the ADA "are judged under the same legal standards, and the same remedies are available under both Acts." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010). To establish a prima facie case of disability discrimination, a plaintiff must prove: (1) she has a disability; (2) she is qualified for the job she held; and (3) that she was subject to an adverse employment decision on account of his disability. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 695 (5th Cir. 2014). The ADA defines a disability, in relevant part, as "a physical or mental

---

[23] *See also* 29 C.F.R. § 1614.107(b) ("Where the agency believes that some but not all of the claims in a complaint should be dismissed for the reasons contained in paragraphs (a)(1) through (9) of this section, the agency shall notify the complainant in writing of its determination, the rationale for that determination and that those claims will not be investigated, and shall place a copy of the notice in the investigative file.").

impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1)(A).[24] Alternatively, a person may establish that she suffers from a disability if she "[is] regarded as having such an impairment." 42 U.S.C. § 12102(1)(C).[25] The plaintiff, however, need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

Here, the Secretary argues that Alvarez's Amended Complaint fails to allege sufficient facts to show that he had a disability or that his non-selection was based on his disability. *See* Mot. to Dismiss 8–9. The Court finds that the Amended Complaint states sufficient facts from which it may draw the reasonable inference that Alvarez had a disability, *see, e.g.*, Am. Compl. ¶¶ 8–9, and that the Army did not select him for the Brace Shop Supervisory Orthoptist Prosthetist position in September 2014 on account of his disability, *id.* ¶¶ 33–24, 39–40. The Court therefore denies the Secretary's motion on this ground.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Secretary's Motion to Dismiss" (ECF No. 31) is **DENIED**.

So ORDERED and SIGNED this 3rd day of August 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[24] Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

[25] A plaintiff is "regarded as" being disabled if she (1) has an impairment that is not substantially limiting but which the employer perceives as substantially limiting, (2) has an impairment that is substantially limiting only because of the attitudes of others, or (3) has no impairment but is perceived by the employer as having a substantially limiting impairment. *EEOC v. E.I. Du Pont de Nemours & Co.*, 480 F.3d 724, 729 (5th Cir. 2007).