IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GILBERTO ALVAREZ, | § § § | |
| Plaintiff | § § | Civil No. 6:16-cv-172-RP-JCM |
| -v- | § § § | |
| DEPARTMENT OF THE ARMY | § § | |
| Defendant. | § | |

---

MOTION FOR JUDGMENT ON THE VERDICT

---

Plaintiff Gilberto Alvarez files this Motion for Judgment on the Verdict, and respectfully shows the following:

**I.     This Motion for Judgment is based upon the jury verdict and Plaintiff is entitled to recovery of the full amount of back pay damages and compensatory damages awarded by the jury.**

On October 8, 2019, the jury found that the Department of the Army retaliated against Alvarez because of his complaint of national origin discrimination when they failed to promote him to a GS-11 position. Subsequently, the jury awarded Alvarez $33,472 in back pay and $66,944 in both past and future compensatory damages for a total of $100,416.

Because the jury's compensatory damage award is under $300,000, the backpay award of $33,472 is not subject to a damage cap, and there is an abundance of evidence in the record to support the jury's award, Plaintiff is entitled to the full $100,416 awarded by the jury.

### a. The proposed judgment includes the $33,472.00 in back pay awarded by the jury.

The jury awarded a total of $33,472 in back pay to compensate Alvarez. Therefore, the judgment should include this amount as back pay.

### b. The judgment should include the $66,944 in past and future compensatory damages awarded by the jury.

The jury awarded $33,472 for past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Furthermore, the jury awarded an additional $33,472 for future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life. Here, the applicable cap is $300,000 because Department of the Army employees more than 500 people. *See* 42 U.S.C. § 1981a(b)(3). Since the total compensatory damage award of $66,944 is below the $300,000 limit, the damage cap does not affect the jury's award.

In addition to being well within the statutory damage caps found within Title VII, Mr. Alvarez presented evidence during trial to support the jury's award in the form of his own testimony and his wife's testimony. Therefore, the amount should be awarded in full.

## II. The judgment should include prejudgment interest on the backpay and past compensatory damages award.

In *Peques v. Mississippi State Employment Service*, the Fifth Circuit said, "We have stated in this Circuit that under Title VII interest is an item that 'should be included in back pay' to make a victim whole." 899 F.2d 1449, 1453 (5th Cir. 1990) (quoting *Pettway v. American Cast Iron Pipe Co.,* 494 F.2d 211, 263 (5th Cir. 1974)).

The Fifth Circuit also holds that "[p]rejudgment interest should apply to all past injuries, including past emotional injuries . . . Refusing to award prejudgment interest ignores the time value of money and fails to make the plaintiff whole." *Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002). The *Thomas* court went on to hold that because "the jury found that the plaintiff suffered past emotional injuries, the district court was compelled to award prejudgment interest on those past injuries." *Id.*

When a federal statute is silent on the rate of prejudgment interest, courts look to state law for guidance. *See Hansen v. Cont'l Ins. Co.*, 940 F.2d 971, 984-85 (5th Cir. 1991) *abrogated on other grounds by CIGNA Corp v. Amara*, 563 U.S. 421 (2011). Here, the Texas Finance Code states that prejudgment interest should be calculated at "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." Tex. Fin. Code § 304.003(a)(c)(1). The current prime rate is 5.0%. *See* https://www.federalreserve.gov/releases/h15 (listing Bank prime loan rate of 5.0%) (last visited on October 21, 2019).

Finally, "District courts generally should calculate interest on back pay and past damages based on the date of the adverse action." *Thomas v. Tex. Dep't of Crim. Justice*, 297 F.3d 361, 372 (5th Cir. 2002). Here, the date of the adverse action was September 8, 2014. Therefore, the calculation of prejudgment interest should begin the day after on September 9, 2014.

Applying the above, the simple daily interest rate on the backpay and past compensatory award of $66,944 is calculated by multiplying $66,944 by .050 and then dividing the result by the number of days in a year, or 365:

$$\frac{\$66,944 * .050}{365} = \$9.17$$

The total amount of prejudgment interest is then calculated by multiplying $9.17 per day by the number of days since September 9, 2014 until the date judgment is entered.  For example, if judgment is entered on October 23, 2019, the number of days would be 1870.[1]  Performing that calculation shows that the total prejudgment interest through October 23, 2019 is $17,147.90.

Therefore, the judgment should include prejudgment interest on both the backpay and past compensatory damages award in the amount of $17,147.90.

**III.    The judgment should include instatement of Alvarez to the position of Supervisor of the Brace Shop, with the commensurate GS-11 grade and appropriate step with pay, or in lieu of the instatement, front pay until his anticipated retirement in 2027.**

Under Fifth Circuit precedent, "[i]n a failure to promote case, the preferred remedy is instatement to an illegally denied position, not reinstatement. If instatement is not feasible, however, front pay is the appropriate award." *Julian v. City of Houston,* 314 F.3d 721, 728-29 (5th Cir. 2002).

---

[1] The number of days was calculated using the following computation tool: https://www.timeanddate.com/date/durationresult.html?m1=9&d1=9&y1=2014&m2=10&d2=23&y2=2019

Mr. Alvarez testified that when the brace shop closed in Fort Sill, Oklahoma he remained employed, continued to work at the same pay grade and with the same salary until the Army found a new position for him, which was Fort Hood in 2007. He further testified that had he been promoted to Supervisor of the Brace Shop at Fort Hood in 2014, he would continue to have the same grade and step, GS-11, even if the brace shop closed as the Army would seek to find him a new placement. There is nothing in the evidence that even remotely suggests that once promoted to the GS-11 position the Army would have suddenly abandoned this practice. Furthermore, Alvarez testified, and the evidence[2] showed that Alvarez had always received performance reviews rating him as either "highly successful" or "exceptional." Accordingly, the evidence shows that instatement with the commensurate pay increase is appropriate regardless of any changing to the brace shop.

However, if the Court determines that a promotion is not feasible, front pay is appropriate. The Fifth Circuit, in reversing and remanding a district court that failed to award either reinstatement or front pay, summarized prior precedent in this area as follows:

> Our caselaw contemplates that one form of prospective relief will ordinarily be appropriate when it is requested. We have often said that the trial court's remedial discretion in this area involves the *selection between* reinstatement and front pay. The typical "either/or" nature of this remedial choice is also seen in our statement that "if reinstatement is not feasible, front pay is the appropriate award." In discussing another federal employment statute (the retaliation provision of the Fair Labor Standards Act), Judge Wisdom went so far as to say that "it is impossible for us to imagine cases when a denial of both reinstatement and reimbursement would be justified."

---

[2] *See* Plaintiff's Trial Exhibit 1, Alvarez Appraisal Data and Performance Evaluations

*Bogan v. MTD Consumer Grp., Inc.*, 919 F.3d 332, 336 (5th Cir. 2019) (quotations and citations omitted).

Alvarez testified that the average pay increases he received for his GS-9, step 10 position from 2014 through 2019 was 1.4%, this included years that no pay increases were given, ending with a salary of $66,868 for 2019.  If that trend were to continue until Alvarez's retirement, from 2020 until 2027, by 2027 his anticipated salary would be $74,734.64 as a GS-9, step 10.  The jury found that but for Alvarez's complaint, he would have been promoted to the position of Supervisor of the Brace Shop, which was a GS-11 position.  Alvarez testified that he would have started that position at GS-11, step 5, anticipating being GS-11, step 7 by 2019.  With step and pay increases of 1.4% from 2020 through 2017, Alvarez could have anticipated a salary of approximated $90,430 by 2027 as a GS-11, step 10.  Based on the trends, as testified to by Alvarez, Alvarez's pay would be as follows:

| Year | GS-9[3] | step | GS-11[4] | step | Difference |
|---|---|---|---|---|---|
| 2020 | $67,804.15 | step 10 | $75,732.62 | step 7 | $7,928.47 |
| 2021 | $68,753.41 | step 10 | $78,926.38 | step 8 | $10,172.97 |
| 2022 | $69,715.96 | step 10 | $80,031.35 | step 8 | $10,315.39 |
| 2023 | $70,691.98 | step 10 | $81,151.79 | step 8 | $10,459.81 |
| 2024 | $71,681.67 | step 10 | $84,512.29 | step 9 | $12,830.62 |
| 2025 | $72,685.21 | step 10 | $85,695.46 | step 9 | $13,010.25 |
| 2026 | $73,702.81 | step 10 | $86,895.20 | step 9 | $13,192.39 |
| 2027 | $74,734.64 | step 10 | $90,430.84 | step 10 | $15,696.20 |
|  |  |  |  | Total Front Pay: | $93,606.09 |

---

[3] Based on Alvarez's testimony these numbers represent his predicted salary each year from 2020 through 2027 using average annual pay increase of 1.4% each year.

[4] These figures are based on the Fort Hood, Texas General Schedule Payscale at https://www.generalschedule.org/states/texas/killeen-tx (last visited Oct. 21, 2019).  However, because the Payscale only shows salaries through 2019, the numbers used in this chart are adjusted for an average 1.4% pay increase each year through 2020.

For the foregoing reasons, this Court should order one form of prospective relief. The Army should be required to promote Alvarez to the GS-11 position at the appropriate step with the corresponding pay increase. Or, in the alternative, Alvarez should be awarded front pay in the amount of $93,606.09, which represents front pay until Alvarez's intended retirement in 2027.

## PRAYER

For the forgoing reasons, Plaintiff moves for judgment on the jury verdict, including prejudgment interest, instatement or front pay in the amount of $93,606, attorneys' fees and costs, and to such other relief to which Plaintiff may be entitled.

Respectfully submitted,
WILEY WALSH, P.C.

By: */s/ Kalandra N. Wheeler*
Colin Walsh
Texas Bar No. 24079538
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*
Jairo Castellanos
Texas Bar No. 24089264

WILEY WALSH, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Telephone: (512) 27-5527
Facsimile: (512) 201-1263
colin@wileywalsh.com

Kalandra N. Wheeler
Texas Bar No. 24051512
*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

>WILEY WHEELER, P.C.
>1651 Richmond Ave.,
>Houston, TX 77006
>Telephone: (713) 337-1333
>Facsimile: (713) 337-1334
>kwheeler@wiley-wheeler.com
>
>ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF CONFERENCE

I hereby certify that on October 22 and 23, 2019, I, Colin Walsh, Attorney for Plaintiff, conferred with counsel for Defendant Liane Noble about the subject matter of this motion but we were unable to reach agreement.

>*/s/Colin Walsh*
>Colin Walsh

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2019, I served a copy of the foregoing on counsel for Defendant via the Court's CM/ECF system.

>*/s/ Kalandra N. Wheeler*
>Kalandra N. Wheeler