United States District Court
Western District Of Texas
Waco Division

**Gilberto Alvarez**,

    Plaintiff,

v.

**Ryan D. McCarthy, in his official capacity as Secretary, Department of the Army**,

    Defendant.

Civil Action No. 6:16-CV-172-ADA

### Reply in Support of Motion for New Trial or Remittitur

Alvarez's improper argument, testimony, and demonstrative referencing racial discrimination—along with the Court's instruction to the jury to consider an unpleaded theory of liability based on discrimination—had the cumulative effect of confusing the jury as to the ultimate question to be decided. During deliberations, the jury specifically asked for details about the allegations of racial discrimination, demonstrating the prejudicial effect of these errors. These errors necessitate a new trial.

Alvarez's primary response in opposition to the Motion for New Trial is that the Army waived its arguments by not asserting contemporaneous objections each time Alvarez's counsel injected the issue of racial discrimination into the case (against the Court's ruling), by not objecting to the Court's confusing instruction on racial discrimination, and by pre-admitting the administrative EEO record, which contained a singular reference to racial discrimination but in no way suggested that race discrimination was an issue at trial. Contrary to Alvarez's assertions, the Army did, in fact, object to the presentation of the timeline demonstrative and to the relevance of allegations of race discrimination. After the Court ruled that the allegations of racial

1

discrimination were irrelevant, the Army was not required to continue asserting contemporaneous objections every time Alvarez's counsel injected the issue into the case. Moreover, the Army's pre-admission of the administrative EEO record occurred *before* the Court ruled that racial discrimination was not relevant to the case. Once the Court ruled that racial discrimination was not relevant, the issue was eliminated from the case and evidence of alleged race discrimination should not have been presented to or considered by the jury. The Army has not waived any of its arguments in favor of new trial.

Even if the Court determines that some of the Army's arguments have been waived or that each individual instance of error is alone not sufficiently prejudicial to warrant a new trial, the Court should still grant the motion because, when viewed in light of the entire record, the *cumulative* effect of the errors was to prejudice the Army's case and preclude a fair trial. The interest of substantial justice is at stake and necessitates a new trial.

**I.   The Army Did Not Waive its Arguments In Support of a New Trial.**

Alvarez's primary argument in opposition to the Motion for New Trial is that the Army waived its arguments and objections. *See* Alvarez Response, Dkt. 127 at 1-3, 5-6, 8. The trial record and case law establish otherwise.

**A.  The Army Objected to Alvarez's Timeline Demonstrative.**

First, the Army asserted a general objection to the timeline demonstrative prior to opening statements. Exhibit 1 to Motion for New Trial, Trial Tr. at 25:02-27:11. Counsel for the Army explained to the Court that it had a number of objections. *Id.* The Court requested one example of an objection, counsel for the Army provided one example (that the timeline included improper argument not suitable for opening statements), and before counsel for the Army could articulate the remainder of its objections (including the timeline's reference to the irrelevant issue of racial

discrimination), the Court overruled the objection, stating the parties could make "whatever argument [they] want" at opening and Alvarez's counsel would be permitted to use the demonstrative. *Id*.

When Alvarez's counsel proceeded to reference the timeline demonstrative and the inflammatory allegations of racial discrimination during his opening statement, the Army did not reassert its objection. In his response, Alvarez attributes this decision to counsel for the Army's "lack[] of sufficient confidence." *See* Alvarez Response, Dkt. 127 at 3. It is true that the Army disagreed with the Court's rulings on opening statements and the timeline demonstrative, and the Army nevertheless abstained from objecting.[1] But it was respect for the Court and the Court's ruling—not a lack of confidence—that informed defense counsel's decision not to reassert the objection. Just as the Court later admonished counsel for Alvarez when he attempted to object to one of the Court's ruling: "[the Court does not] care if [counsel] disagree with [a] ruling. [The Court] may be wrong, but that's for the folks in New Orleans to decide. If [the Court] make[s] a ruling, [Plaintiff's counsel is to] abide by it. We don't continue to discuss it in front of the jury." **Exhibit A**, Suppl. Trial Tr. at 329:12-331:25. The Court added that "[i]f [the Court] orders

---

[1] "[B]eing argumentative and introducing something that should not be allowed into evidence [during opening] may be a predicate for a mistrial." *Testa v. Vill. of Mundelein, Ill*., 89 F.3d 443, 446 (7th Cir. 1996)*; see also S. v. Dinitz*, 424 U.S. 600, 612 (1976) (Burger, C.J., concurring); *Arizona v. Washington,* 434 U.S. 497, 513, n.32 (1978); *United States v. Certified Envtl. Servs., Inc*., 753 F.3d 72, 96 (2d Cir. 2014) (remanding for new trial where improper comments during opening statement, paired with other trial issues, culminated to create prejudice against defendant warranting new trial); *Walden v. City of Chicago*, 846 F. Supp. 2d 963, 979–80 (N.D. Ill. 2012) (improper comments at opening statement paired with other trial error and misconduct culminated to create aggregate prejudicial effect warranting new trial).

something, the appropriate response is yes, Your Honor, and you follow [the] order." *Id.* at 331:22-25.

In the context of Alvarez's opening statement and the use of the timeline, it was neither necessary nor proper for the Army to interrupt Alvarez's counsel's opening statement in the presence of the jury in order to re-urge an objection that the Court had already overruled. There was no waiver.

### B. The Army Objected to Alvarez's Testimony About Racial Discrimination, and the Court Correctly Sustained the Objection.

Second, in addition to objecting to the timeline demonstrative, the Army also objected when Alvarez's counsel attempted to elicit testimony from Alvarez about Spell's alleged racist comments. The Court correctly held that the evidence of Spell's alleged racial hostility was irrelevant and inadmissible. Exhibit 1 to Motion for New Trial, Trial Tr. at 297:16-302:07.

As soon as the Court ruled that racial discrimination was not relevant, the issue was eliminated from the case and should not have been presented to or considered by the jury. But counsel for Alvarez persisted. Disregarding the Court's ruling, Plaintiff's counsel again attempted to elicit testimony about racial discrimination in the presence of the jury. Exhibit 1 to Motion for New Trial, Trial Tr. at 297:16-302:07. The Army again objected, and the Court again sustained the objection. The Court stated it was disappointed that Plaintiff's counsel had yet again attempted to introduce that testimony despite the Court's ruling. *Id.* The Court correctly admonished Plaintiff's counsel—outside of the presence of the jury—that "we're not here about any discrimination that this gentleman may or may not feel like he suffered." *Id.*

The Pre-Admission of the EEO administrative record (Trial Exhibit 29), which contained a reference to racial discrimination, does not foreclose the granting of a new trial. Evidence of

alleged race discrimination was deemed irrelevant *after* the EEO administrative record was admitted into evidence.  The Court's ruling on relevancy superseded the parties' pre-admission of exhibits because, as soon as the Court ruled that racial discrimination was not relevant, the issue was eliminated from the case.  *See McWhorter v. City of Birmingham*, 906 F.2d 674 (11th Cir. 1990) (in civil rights suit, district court did not abuse its discretion in ordering new trial based upon reference to unrelated libel suit, where libel action against newspaper had been eliminated from case throughout trial, and counsel's reference to libel suit was in violation of district court's ruling); *see also Castle v. Thompson*, No. 2:07-CV-0104-WCO, 2010 WL 11507513, at *6 (N.D. Ga. Mar. 22, 2010), aff'd sub nom. *Castle v. Appalachian Tech. Coll.*, 631 F.3d 1194 (11th Cir. 2011) (new trial was warranted because introduction of evidence at trial that "had previously been ruled inadmissible, along with plaintiff's counsel's abuse of evidentiary rulings, likely affected the jury's verdict").  Notably, Alvarez does not address or distinguish *McWhorter* in his Response.  Here, as in *McWhorter* and *Castle*, the issues at trial were narrowed throughout the course of trial based on the development of the evidence and the Court's rulings.  Regardless of the parties' pre-admission of Exhibit 29, the Court later determined the allegations of racial discrimination were not relevant and eliminated them from the trial.

### C. The Army Was Not Required to Object to the Court's Instruction on Racial Discrimination or to Alvarez's Closing In Order to Raise Those Issues in a Motion for New Trial.

It is undisputed that the Army objected to the timeline demonstrative prior to trial and to the testimony regarding racial discrimination during trial.  But Alvarez now contends that the Army has waived its arguments with respect to the Court's instruction to the jury regarding discrimination and to Alvarez's closing argument because it did not assert contemporaneous

objections. As the cases below establish, the Army was not required to continue asserting the objection to racial discrimination evidence and instructions in order to obtain a new trial.

- *McWhorter*, 906 F.2d at 677. In *McWhorter*, the appellate court determined that the trial court did not abuse its discretion in granting a motion for new trial based upon closing argument despite the defendant's lack of objection. The court wrote that "Defense counsel's failure to object to the improper argument, although troublesome, is not fatal." The court explained that, "where the interest of substantial justice is at stake," improper argument may be the basis for a new trial even if no objection has been raised. Alvarez does not attempt to address or distinguish *McWhorter*.

- *Edwards v. Sears, Roebuck and Co.*, 512 F.2d 276, 284-85 (5th Cir. 1975). In *Edwards*, the Fifth Circuit explained that a court has the power to consider errors—including prejudicial statements at closing—to which no objection was made where the interest of substantial justice is at stake. Although Alvarez attempts to distinguish *Edwards* factually, Alvarez does not and cannot deny that, under this Fifth Circuit precedent, a new trial may be granted even absent an objection.

- *United States v. Marder,* 48 F.3d 564, 570 (1st Cir. 1995). In *Marder,* the First Circuit held that defendant did not waive the issue of whether the court's jury instruction constituted plain error where the court cut off counsel's question regarding proposed jury instruction.

- *Dixon v. Int'l Harvester Co.*, 754 F.2d 573, 585 (5th Cir. 1985). In *Dixon*, the Fifth Circuit acknowledged that the court "will not deny review in the absence of objections because lawyers will often hesitate to challenge the propriety of a trial judge's comments for fear of antagonizing him and thereby prejudicing their clients' cases."

- *Christopher v. Fla.*, 449 F.3d 1360, 1366-67 (11th Cir. 2006). The court in *Christopher* wrote that, although defense counsel did not object to improper argument at trial, where the interest of substantial justice is at stake, improper argument may be the basis for a new trial even if no objection has been raised. The court wrote further that, in light of the district court's preexisting order on the very issue improperly introduced at closing, a new trial was warranted. The Eleventh Circuit explained that the "district court's grant of a new trial served to protect the rights of Defendants and to "**vindicate the authority of the court**."

- *Strickland v. Owens Corning*, 142 F.3d 353 (6th Cir. 1998). In *Strickland*, the Sixth Circuit held that the failure to object at trial to closing arguments only raises the degree of prejudice which must be demonstrated as result of such arguments in order to get new trial but does not foreclose a new trial. In so holding, the Sixth Circuit relied upon Fifth Circuit case law. *Id.* (citing *Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1429 (5th Cir.1986)).

- *Luv n' Care, Ltd. v. Regent Baby Prod. Corp.*, 898 F. Supp. 2d 650, 658 (S.D.N.Y. 2012). The court here held that a defendant's failure to object to a closing argument did not constitute a waiver of that objection.

In sum, the Army was not required to assert contemporaneous objections to Plaintiff's closing or to the Court's instructions in order to obtain a new trial. The Army had already objected to the inclusion of such argument and evidence. And as the above cases demonstrate, this Court has the discretion to grant a new trial even absent *any* objection at trial.

**II.   The Cumulative Effect of the Issues Identified in the Army's Motion for New Trial Resulted in Substantial Prejudice and Necessitates a New Trial.**

Even if each specific instance of inappropriate conduct or error are *alone* not sufficiently prejudicial to warrant a new trial, this Court may still grant a new trial if "analyzing the impact of this inappropriate conduct in the ***aggregate***" suggests that the "cumulative effect of . . . occurrences when viewed in the context of [an] entire trial unduly prejudiced [a party's] case."[2]

In his Response, Alvarez does not dispute that the Court has the discretion to grant a new trial based on the totality of the trial record. Nevertheless, Alvarez invites the Court to analyze each individual basis for new trial in a vacuum—without regard for how the bases combined and interacted to confuse the jury as to the law and the issues to be resolved. *See* Alvarez Response, Dkt. 127 at 6-7 (arguing that it is "ridiculous" to believe that the Court's mere mention of "the

---

[2] *Walden v. City of Chicago*, 846 F. Supp. 2d 963, 979–80 (N.D. Ill. 2012) (new trial was warranted based on the aggregate effect of trial error and misconduct); *Adams Laboratories, Inc. v. Jacobs Eng'g Co., Inc*., 761 F.2d 1218, 1227 (7th Cir. 1985) (remanding case for new trial due to the cumulative effect of error and misconduct); *United States v. Certified Envtl. Servs., Inc*., 753 F.3d 72, 96 (2d Cir. 2014) (remanding for new trial where improper comments during opening statement, paired with other trial issues, culminated to create prejudice against defendant warranting new trial).

word 'discrimination'" warrants a new trial).  But the Court's recitation of the unpleaded alternative theory of liability **in such close temporal proximity** to Plaintiff's repeated and improper attempts to elicit testimony about discrimination resulted in unreasonably unclear jury instructions.  The Supreme Court has warned of "the need for reasonably clear jury instructions in employment discrimination cases [because] . . . the danger of juror confusion is particularly high where the jury is faced with instructions on alternative theories of liability."  *Vance v. Ball State Univ.*, 570 U.S. 421, 444–45 (2013).  Here, this danger was realized.[3]

The jury made it clear during deliberations that they were improperly considering allegations regarding Spell's alleged racial hostility toward Alvarez—allegations which had been ruled irrelevant and inadmissible.  As they deliberated, the jury sent a note to the Court, asking: (1) "Was there a previous EEO complaint, open parenthesis, against Spell, close parenthesis," (2) "When was that," and (3) "Can we have the timeline chart?"  *Id.* at 486:21-487:01.  The note demonstrates the cumulative prejudice caused by the combination of the improper argument, evidence, and instructions threaded together throughout the trial.

The Fifth Circuit recently addressed a similar issue in *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 276 (5th Cir. 2019), cert. denied sub nom. *Louisiana Health Serv. & Indem. Co. v. Encompass Office Sols.*, 140 S. Ct. 221, 205 L. Ed. 2d 135 (2019).  There, the district court incorrectly instructed the jury it would be considering an "arbitrary and capricious" standard for plaintiff's claim of breach of a health insurance contract.  *Id.*  During

---

[3] *Encompass*, 919 F.3d at 276 (affirming grant of new trial based on erroneous jury instruction); *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir. 2008) (same); *Aero Int'l, Inc. v. U.S. Fire Ins. Co.*, 713 F.2d 1106, 1113 (5th Cir. 1983) (citing *NMS Indus., Inc. v. Premium Corp. of Am., Inc.*, 451 F.2d 542, 545 (5th Cir. 1971); *Phillips v. State Farm Mut. Auto. Ins. Co.*, 437 F.2d 365 (5th Cir. 1971)).

deliberations, the jury submitted a note asking "Can you clearly define Arbitrary and Capricious in the eyes of the court[?]." *Id.* The Fifth Circuit determined that the "note to the court show[ed] that the erroneous legal standard was **front and center** in deliberations." *Id.* (emphasis added). It affirmed the district court's decision to grant a new trial. *Id.* Here, as in *Encompass,* the jury's note showed that the erroneous legal standard (as well as the improper argument and evidence) were at the forefront of the jury's deliberation and thus a new trial is warranted. *See also Sanchez v. Davis*, 888 F.3d 746, 752 (5th Cir. 2018) (in habeas action, although prosecutor made only one reference to defendant's immigration status at trial, jury sent a note during deliberations referencing his status and thus indicating that his "unlawful status was on the jury's mind" and warranting issuance of certificate of appealability). Alvarez does not address or distinguish *Encompass* or *Sanchez* in his Response.

When viewed in the context of the entire trial record, Plaintiff's counsel's improper introduction of argument, the timeline demonstrative, testimony about alleged racial slurs, as well as the Court's instructions about the alternative theory of liability, together, had the cumulative effect of prejudicing the Army's case. This prejudice is evident when considered in light of the complete dearth of evidence supporting a finding of retaliation. Indeed, Alvarez himself testified (1) that he did not know whether he would have gotten the supervisor position if he had not filed an EEO complaint and (2) that he did not think that Dr. Antosh, the decision-maker for the selection at issue, lied about the reasons he did not select Alvarez for the position. Exhibit 1 to Motion for New Trial, Trial Tr. at 363:10-23; 377:05-21. There was simply no evidence that the EEO complaint had any bearing on the Army's decision not to hire him, let alone the but-for causation required to prove retaliation.

The injection of the issues of racial discrimination "tainted the trial from opening statements through closing arguments," and even the Court's "sustained objections, admonishing of counsel, and jury instructions [could not] sufficiently minimize[] the harm that resulted from the numerous inappropriate statements, questions, and arguments that occurred throughout trial. . . . [Counsel's] repeated disregard for the Court's rulings and careless presentation of barred evidence to the jury prejudiced [the Army's] case and entitle it to a new trial." *See Walden* , 846 F. Supp. 2d at 979-80.

### III. Conclusion

In conclusion, the introduction of evidence and arguments related to racial discrimination inflamed and confused the jury and resulted in a verdict against the great weight of the evidence. These issues necessitate a new trial.


Dated: April 21, 2020	Respectfully submitted,

**JOHN F. BASH**
United States Attorney

 */s/ Liane Noble*
**LIANE NOBLE**
Assistant United States Attorney
Texas Bar No. 24079059
903 San Jacinto Blvd., Ste. 334
Austin, Texas 78701
(512) 370-1252 (phone)
Liane.Noble@usdoj.gov
**JACQUELYN M. CHRISTILLES**
Assistant United States Attorney
Texas State Bar No. 24075431
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
(210) 384-7100 (phone)
Jacquelyn.Christilles@usdoj.gov

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that on April 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record in this case.

*/s/ Liane Noble*
**LIANE NOBLE**
Assistant United States Attorney