IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| GILBERTO ALVAREZ, | § | |
| *Plaintiff* | § | |
| | § | CIVIL NO. 6-16-CV-00172-ADA |
| v. | § | |
| | § | |
| RYAN D. MCCARTHY, IN HIS | § | |
| OFFICIAL CAPACITY AS | § | |
| SECRETARY OF THE DEPARTMENT | § | |
| OF THE ARMY, | § | |
| *Defendant* | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the Court is Defendant's Motion for New Trial or Remittitur, filed on April 7, 2020. ECF No. 126. Plaintiff Gilberto Alvarez filed his Response, and Defendant filed a Reply. ECF Nos. 127, 128. After careful consideration of the above briefings, the Court **DENIES** Defendant's Motion for New Trial.

## I. BACKGROUND

This is an employment retaliation case in which Plaintiff received a successful jury verdict in his favor. The sole liability question at trial was whether the Army had retaliated against Plaintiff Gilberto Alvarez for filing an EEO complaint. However, Defendant complains that Plaintiff's counsel improperly introduced argument, a demonstrative, and testimony alleging that Alvarez had been subjected to racial slurs by his former supervisor. Although the Court sustained Defendant's objection to the relevance of these allegations, Defendant complains that the Court later incorrectly instructed the jury that it would be tasked with determining whether Alvarez had been retaliated *or* discriminated against. Thus, Defendant concludes that the introduction of improper argument and evidence paired with the instruction to consider an

1

unpleaded "alternative theory of liability" had the cumulative effect of confusing the jury as to the ultimate question to be decided. Importantly, Defendant did not object to the Court's jury charge.

Further proving Defendant's point, Defendant contends that the jury's confusion was demonstrated during deliberations when the jury submitted a note seeking the details of the allegations of racial discrimination. Alternatively, Defendant contends that the Court should enter a remittitur, reducing the jury verdict because it is excessive and unsupported by the trial record.

After several post-trial motions, Defendant filed the current Motion on April 7, 2020. ECF No. 126. On April 14, 2020, Plaintiff filed a Response to Defendant's Motion for New Trial or Remittitur, arguing Defendant's Motion should be denied. ECF No. 127. Defendant filed a Reply to Plaintiff's Response on April 21, 2020. ECF No. 127. The Motion is now ripe for the Court.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59 provides that the "court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59. The general grounds for a new trial are that the verdict is against the clear weight of the evidence, that the damages are excessive, that the trial was not fair, or that substantial errors occurred in the admission or rejection of evidence or the giving or refusal of instructions. 12 Martin H. Redish, Moore's Federal Practice, Civil § 59.13 (3d ed. 2020).

## III.  DISCUSSION

Defendant makes four main arguments in support of its Motion for New Trial and contends that each, or all of them taken collectively, prevented a fair trial. Specifically, Defendant contends the following instances resulted in an unfair trial: (1) Plaintiff's counsel made an improper argument during opening statement, (2) Alvarez testified regarding racial discrimination, and the Court improperly instructed the jury it was to determine whether Alvarez was discriminated against, (3) Plaintiff's counsel made an improper argument during closing statements, and (4) a jury note received during deliberations demonstrated the prejudicial effect caused by the evidence and instructions regarding racial discrimination. Each will be discussed in turn.

### A. Improper Argument During Opening Statements

Defendant first argues that Plaintiff's counsel made an improper argument during opening statements that prevented a fair trial. Specifically, Defendant complains about the use of a demonstrative timeline that contained the following notation: "James Spell . . . subjected Alvarez to racial slurs and racial hostility." Pl. 's Timeline Demonstrative, ECF No. 126, Ex. 2. Defendant contends, as it did during trial, that this timeline included impermissible argument and irrelevant information, and should have been excluded. The Court overruled Defendant's objection. *See* Trial Tr. at 25:02–27:11. During opening argument, Plaintiff's counsel told the jury that "from 2007 to 2013 James Spell was the supervisor . . . and during that time . . . Spell subjected Alvarez to racial slurs and hostility because Alvarez was Hispanic. Spell would call Alvarez things like wetback and beaner." *Id.* at 40:01–09. Because of these statements and the demonstrative timeline previously discussed, Defendant contends the use of such statements

3

constituted "improper and inflammatory arguments to the jury which substantially prejudiced Defendant." Def. 's Mot. at 9.

On the other hand, Plaintiff claims that Defendant's opening statement argument was waived and must be rejected. Specifically, Plaintiff points to the fact that Defendant's counsel did not object during Plaintiff's opening argument and that Defendant never moved for a mistrial. Pl. 's Resp. to Def. 's Mot., ECF No. 127 at 2. Thus, Plaintiff concludes that any arguments concerning opening were waived and cannot be urged as the basis for a new trial. *Id.*

The Court first finds that Defendant did not make a timely objection to the demonstrative timeline's reference to the alleged racial hostility against Plaintiff. Defendant merely asserted a general objection to the timeline demonstrative prior to the start of opening statements. Trial Tr. at 25:02–27:11. Defendant's counsel explained to the Court that she had a number of objections. *Id.* The Court requested one example of an objection. *Id.* As an example, Defendant's counsel objected that Plaintiff's use of the phrase "top quality candidate" insinuated an inaccurate "level of qualification" on the part of the Plaintiff. *Id.* The Court overruled this objection. *Id.* However, Defendant's counsel failed to bring the reference of racial hostility in the demonstrative timeline to the Court's attention at that time or at any other time during the trial. *Id.* It is well established that "the ground of objection must be specifically stated." *Mills v. Texas Compensation Co.*, 220 F.2d 942, 946 (5th Cir. 1955). Indeed, even "a simple statement that the evidence is immaterial is generally insufficient." *Id.* By failing even once to mention the objectional text of the demonstrative timeline or the grounds on which Defendant objected to it, Defendant's counsel has failed to make any objection to the timeline's reference to racial hostility or to Plaintiff's counsel's reference to the timeline in his opening statement.

Even if the Court did not find that Defendant failed to make a timely objection to the reference to racial hostility in the demonstrative timeline, Plaintiff also contends the Court properly overruled Defendant's objection to Plaintiff's demonstrative timeline and the references to racial slurs were proper because they were described in preadmitted, un-objected to exhibits. Pl. 's Resp. at 3–4. Specifically, Plaintiff argues that because certain preadmitted trial exhibits that contained references to racial slurs and hostility were not objected to, Defendant cannot now base its Motion for New Trial on those references. *Id.* The Court did eventually rule, during testimony, that the alleged racial hostility towards Plaintiff was irrelevant to this case. Trial Tr. at 298:2–3 Thus, the Court narrowed the issues in Defendant's favor and likely would have excluded the references to racial hostility had they been brought to the Court's attention. However, these references were never brought to the Court's attention by Defendant, and Defendant allowed exhibits containing such references to be preadmitted without objection and sent to the jury. Trial Tr. at 30:10–18 (admitting without objection Plaintiff's exhibit 6 and Defendant's exhibit 29). Because Defendant failed to object, move for a mistrial, or ask for a curative instruction, Defendant again waived any possible argument concerning the references to racial slurs. *See Nissho-Iwai Co. v. Occidental Crude Sales, Inc.*, 848 F.2d 613, 619 (5th Cir. 1998).

Moreover, even without this waiver, the Court's charge to the jury cured any possible prejudice Defendant might have suffered. To warrant a new trial based on improper comments of counsel, "the conduct must be such as to gravely impair the calm and dispassionate consideration of the case by the jury." *Dixon v. International Harvester Co.*, 754 F.2d 573, 585 (5th Cir. 1985). Otherwise, "[a]lleged improprieties may well be cured by an admonition or charge to the jury." *Wilson v. Johns-Manville Sales Corp.*, 810 F.2d 1358, 1362 (5th Cir. 1987) (holding that an

instruction that assertions in opening statements are "not evidence," was sufficient to cure "a few somewhat exaggerated statements" by counsel). In this case, the Court clearly instructed the jury that they were not to decide whether Plaintiff had been subjected to racial hostility. Trial Tr. at 301:16–302:07. Furthermore, just as in *Wilson*, the Court also informed the jury that opening statements are "just . . . argument" and not evidence. *Id.* at 37:24–25. Given the lack of any timely objection, it is implausible to suggest that Plaintiff's statements were so improper that they cannot be cured by the Court's instruction. Accordingly, Defendant's Motion for New Trial on the grounds of an improper argument during opening statements is **DENIED**.

### B. Improper Jury Instruction

During trial, Plaintiff's counsel alluded to evidence regarding alleged racial discrimination suffered by Plaintiff. Trial Tr. at 297:16–302:07. Specifically, Plaintiff's counsel attempted to elicit testimony from Alvarez about his former supervisor's alleged racist comments. *Id.* Defendants objected, and the Court held that the evidence of the alleged racial hostility was irrelevant and inadmissible. *Id.* The Court admonished Plaintiff's counsel that "we're not here about any discrimination that this gentleman may or may not feel like he suffered." *Id.* at 298:10–11. After sustaining the objection, the Court instructed the jury as follows:

> THE COURT: Ladies and gentlemen, let me make absolutely certain you all understand what's going on. The claims in this case have to do with the current claim that this gentleman is making against the defendant for acting in a manner ***that's discriminatory or retaliating*** because he had, prior to this time, filed an EEO claim. . . . The question that you're going to be answering is whether or not you believe, based on the evidence you heard yesterday and today, whether or not the reason he was treated in the way he was treated with respect to his employment was ***because of discrimination now or because in retaliation*** to an EEO claim that had been filed in the past. It has nothing to do with the merit or lack of merit in that prior claim. You may proceed.

6

*Id.* at 301:16–302:07 (emphasis added). Defendants now argue that the Court's instruction to the jury was confusing because it used language ("discriminatory" and "retaliating") that implicated two different standards of causation under Title VII. Def. 's Mot. at 10. Plaintiff argues that the Court's use of the "discriminatory" language was appropriate given similar language contained in Title VII. Pl. 's Resp. at 7.

First, the Court notes that the jury was formally charged using the Fifth Circuit pattern jury instructions for Title VII retaliation. Ct.'s Charge/Instructions to Jury, ECF No. 91 at 4. Thus, the jury was provided with the correct causation standard under Title VII. Even if the Court's use of the word "discriminatory" was incorrect, it is highly unlikely that the use of a single incorrect word would lead the jury to apply a different causation standard from that provided in the formal jury charge.

Furthermore, the Court finds that it need not reach the issue of whether its use of the word "discriminatory" in its jury instruction was confusing or inconsistent with Title VII because Defendant failed to make a timely objection to the Court's instruction. A new trial may be properly granted when the judge issues incorrect jury instructions that would taint the deliberation process; however, the movant must have made an appropriate objection, stating the grounds for the objection with particularity, before the commencement of jury deliberations. 12 Moore's Federal Practice, Civil § 59.13. Defendant did not object to the Court's instruction or move for a mistrial. *See* Trial Tr. at 297–302. Defendant also had multiple opportunities to object to the Court's use of the word "discriminatory" and failed to do so. *Id.* The Court used the same language ("was he discriminated against in this case or was retaliated against because he filed a claim . . .?") during a bench conference before it instructed the jury, and there was again no objection from Defendant. *Id.* at 300:22–23. Accordingly, because Defendant failed to make a

timely objection, Defendant's Motion for New Trial on the grounds of an improper jury instruction is **DENIED**.

### C. Improper Argument in Closing Statement

Defendant also states that even after the Court instructed that the alleged racial hostility towards Plaintiff was inadmissible, Plaintiff's counsel continued to inappropriately reference the demonstrative timeline in his closing argument. Def. 's Mot. at 12. However, Defendant leaves out that, unlike in Plaintiff's counsel's opening statement, in closing Plaintiff's counsel specifically reiterated the Court's instruction that the case was not about racial discrimination and Plaintiff's counsel did not explicitly reference the racial slurs. Trial Tr. at 468:24–469:9 ("you are not being asked whether or not Alvarez was discriminated against"). The Court again notes that Defendant never explicitly objected to the reference to racial slurs contained in the demonstrative timeline. *Id.* at 25. Defendant made only a general objection to the timeline and provided an example of a more specific objection unrelated to the reference to racial slurs. *Id.* The Court overruled this unrelated objection, and Defendant never specifically brought the Court's attention to the timeline's reference to racial slurs. *Id.* Even after the Court's ruling that the alleged racial hostility towards Plaintiff was inadmissible, Defendant still failed to make any specific objection to the references to racial hostility in the demonstrative timeline. *Id.*

Defendant argues that it failed to object to Plaintiff's use of the demonstrative timeline during Plaintiff's closing statement because the Court indicated that it did not look favorably on such objections. Def. 's Mot. at 13. Defendant cites *United States v. Marder*, in which the court found that a defendant did not waive the issue of whether jury instruction constituted plain error where the court cut off counsel's question regarding proposed jury instruction. 48 F.3d 564, 570 (1st Cir. 1995). The Court acknowledges that it did discourage counsel from making objections

during opposing counsel's closing statement; however, the Court did not order counsel that she could not make objections. Trial Tr. at 456. In fact, the Court explicitly stated, "I'm not telling you not to make [an objection]." *Id.* at 456:5–6. Thus, Defendant's failure to object during or after Plaintiff's closing statement was not a result of an order by the Court or being cut off by the Court, as was the case in *Marder*. Rather, Defendant chose not to object a matter of strategy. *See* Def. 's Mot. at 13. When counsel fails to object to an improper argument in closing, fails to move for a mistrial, and allows the case to be submitted to the jury, counsel is then barred from urging the improper arguments as grounds for a new trial. *Nissho-Iwai Co.*, 848 F.2d at 619. Accordingly, Defendant's Motion for New Trial on the grounds of an improper argument during closing statements is also **DENIED**.

### D. Jury Note Indicating Prejudicial Effect

Finally, Defendant contends that a note sent to the Court by the jury during deliberations indicated that the jury was improperly considering the allegations of racial hostility towards Plaintiff. Def. 's Mot. at 14. Specifically, Defendant refers to Jury Note No. 2, which contained the following: "Was there a previous EEO complaint . . . against Spell[?] . . . [W]hen was that? . . . [C]an we have the timeline chart?" Trial Tr. at 486:21–487:2. Defendant cites a recent Fifth Circuit case that turned on jury notes. *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 276 (5th Cir. 2019), cert. denied sub nom., *Louisiana Health Serv. & Indem. Co. v. Encompass Office Sols.*, 140 S. Ct. 221 (2019). In *Encompass*, the district court incorrectly instructed the jury it would be considering an "arbitrary and capricious" standard for the plaintiff's claim of breach of a health insurance contract. *Id.* During deliberations, the jury submitted a note asking, "Can you clearly define Arbitrary and Capricious in the eyes of the court[?]." *Id.* The Fifth Circuit determined that the "note to the court show[ed]

that the erroneous legal standard was front and center in deliberations," and affirmed the district court's decision to grant a new trial. *Id.* Defendant contends that, as in *Encompass*, the jury's note in this case indicates that the jury improperly considered allegations of racial hostility towards Plaintiff. Def. 's Mot. at 15.

However, Plaintiff argues that other plausible inferences may be drawn from these questions that do not suggest prejudice. Pl.'s Resp. at 8. Namely, it is possible to conclude that the jury was merely interested in the timing of the EEO complaint in order to weigh whether an action was taken in retaliation to that complaint. *Id.*

The Court notes that the jury note does not make any specific mention of any alleged racial hostility. Trial Tr. at 486:21–487:2. Unlike in *Encompass*, the jury note in this case does not show there was error front and center in the jury's deliberation. Rather, the note only shows that the jury wished to have more information about other EEO complaints and about the timing of the EEO complaint. *Id.* Drawing any further conclusions about the jury's deliberations based on this short note would be speculative, at best. The Court declines to speculate whether the jury's thought process was prejudiced based on these questions. "[I]t is a cardinal principle of jurisprudence that we are not allowed to speculate as to the thought processes of the jury." *Thezan v. Maritime Overseas Corp.*, 708 F.2d 175, 180 (5th Cir. 1983). Accordingly, Defendant's Motion for New Trial on the grounds that the jury's note demonstrated prejudice is **DENIED**.

**E. Remittitur**

Defendant claims that the jury's award of past and future mental anguish damages is excessive and unsupported by the evidence. Def. 's Mot. at 17. Plaintiff argues that there was

sufficient evidence to support the jury's award of past and future mental anguish damages. Pl. 's Resp. at 18.

To prove damages for mental anguish, the plaintiff must present specific evidence of emotional damage; that is, "specific discernable injury to the claimant's emotional state," proven with evidence regarding the "nature and extent" of the harm. *Hitt v. Connell*, 301 F.3d 240, 250 (5th Cir. 2002) (quoting *Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998)). However, a plaintiff is not absolutely required to submit corroborating testimony (from a spouse or family member, for example) or medical or psychological evidence. *Id.* The plaintiff's own testimony, standing alone, may be sufficient to prove mental damages if the testimony is particularized and extensive enough to meet the specificity requirement. *Id.*

In *Hitt*, the court found that plaintiff's testimony about mental anguish ("I was depressed.") was too vague, conclusory, and uncorroborated to support damages for mental anguish. *Id.* at 251. Additionally, in *Brady*, the court found that "yes" or "no" answers to leading questions about emotional damage ("Did you have anxiety?" "Yes.") were similarly vague, conclusory, and uncorroborated. 145 F.3d at 720. Unlike in those cases, during trial, when asked about the emotional damages suffered, Plaintiff answered, in part: "we were going to have a better life," "I have become isolated," "my relationship with my wife suffered," "I get headaches, trouble sleeping," "I get agitated quicker, quickly," "we don't do things we normally used to," "I just want to be alone," "and it doesn't go away." Trial Tr. at 334:7–14. These statements, unlike the merely conclusory statements in *Hitt* or the "yes" or "no" answers in *Brady*, describe the nature and extent of specific discernable injuries. Furthermore, these statements are corroborated by additional witness testimony.

Defendant cites *Vadie v. Mississippi State Univ.* in which the court required remittitur because the plaintiff's "own testimony [was] the sole source of evidence on emotional injury." 218

F.3d 365, 378 (5th Cir. 2000). However, Plaintiff points out that in this case, unlike in *Vadie*, Plaintiff's wife has also testified to Plaintiff's emotional injury. Furthermore, Plaintiff cites *Johnson v. Sw. Research Inst.*, in which the court held that testimony from plaintiff's spouse that the plaintiff went into a deep depression and would have crying spells over mundane events was enough to give "the jury an adequate basis from which to gauge the nature and circumstances of the wrong and its effect on the plaintiff." 5:15-cv-297, 2019 WL 4003106, at *3 (W.D. Tex. Aug. 23, 2019). In this case, Plaintiff's wife testified to the end of their regular "burger night," Plaintiff's increased isolation, and Plaintiff's breaking down in tears for mundane reasons. Trial Tr. at 424:3–13, 425:4–22, 427:5–12, 427:13–19. The Court finds that Plaintiff's testimony and the testimony of Plaintiff's wife are sufficiently specific and corroborated to support the jury's award of damages. Accordingly, Defendant's Motion for Remittitur on past and future mental anguish damages is **DENIED**.

Defendant also argues that the jury's award of back and front pay is unsupported by the evidence and should be adjusted. Def. 's Mot. at 18–24. The Court has already examined the issue of back and front pay in this case and adjusted the jury verdict accordingly. Order Granting in Part Denying in Part Pl. 's Mot. for J. on the Verdict, ECF No. 114. The Court declines to revisit this issue again now. Accordingly, Defendant's Motion for Remittitur on back and front pay is **DENIED**.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** Defendant's Motions for New Trial and Remittitur are

**DENIED**.

**SIGNED** this 30th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE