IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **GILBERTO ALVAREZ** | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION 6:16-cv-00172-ADA |
| | § | |
| **RYAN D. MCCARTHY, IN HIS** | § | |
| **OFFICIAL CAPACITY AS** | § | |
| **SECRETARY OF THE** | § | |
| **DEPARTMENT OF THE ARMY,** | | |
| *Defendant.* | | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF GILBERTO ALVAREZ'S SUPPLMENTAL MOTION FOR AN AWARD OF REASONABLE FEES AND COSTS.**

Came on for consideration the Motion of Plaintiff Gilberto Alvarez's Second Supplemental Motion for Attorneys' Fees and Costs (ECF No. 135), the response of Defendant Ryan D. McCarthy in his official capacity as Secretary of the Department of the Army ("the government") (ECF No. 136), and Mr. Alvarez's reply (ECF No. 137). After careful consideration of the above briefings, the Court **GRANTS IN PART** and **DENIES IN PART** Mr. Alvarez's motion for attorney's fees and costs for the reasons described below.

I.   BACKGROUND

After a successful jury verdict, Mr. Alvarez filed a motion for attorney's fees which the Court granted in part. ECF Nos. 117, 124. The government filed a motion for new trial or remittitur which the Court denied. ECF Nos. 126, 134. The Court ordered the case for mediation that ultimately did not result in a settlement. ECF No. 132. Plaintiff filed the present supplemental motion for attorney's fees and costs for the time spent opposing the government's motion for new trial or remittitur and attending the mediation. ECF No. 135. The government

does not oppose the award of attorneys' fees, but the government does oppose the hours and rate requested as well as the compensation for mediation costs. ECF No. 136.

## II.     LEGAL STANDARD

The Supreme Court has established a "strong presumption" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the reasonable fee" to which a prevailing plaintiff is entitled. *Perdue v. Kenney A.*, 559 U.S. 542, 553–54 (2010). This method yields an award that roughly approximates what the attorney would have received if representing a client who paid by the hour. *Perdue*, 559 U.S. at 551. The lodestar's components are fact-findings that an appellate court would review only for clear error. *Saizan v. Delta Concrete Prods.*, 448 F.3d 795, 800 (5th Cir. 2006). In the Fifth Circuit, courts apply a two-step method for determining a reasonable attorney's fee award, beginning with calculating the "lodestar." *Combs v. City of Huntington*, 829 F.3d 388, 391–92 (5th Cir. 2016) (citing *Jimenez v Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010)), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011). The court must first calculate the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* In calculating the lodestar, "[t]he court should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* at 379–80. "The court must provide 'a reasonably specific explanation for all aspects of a fee determination.'" Id. (quoting *Perdue*, 559 U.S. at 558). As the party requesting fees, the plaintiff bears the burden of establishing the reasonableness of the fees and costs by submitting adequate documentation such as time records and affidavits. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

A court can also consider the various factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)—referred to as the "Johnson factors[1]"—and may adjust the lodestar upward or downward depending on the weight it allots to those factors. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). As the fee applicant, Plaintiff "bear[s] the burden of showing that 'such an adjustment is necessary to the determination of a reasonable fee.'" *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771 (5th Cir. 1996).

### III.   ANALYSIS

#### a. Lodestar Calculation

Mr. Alvarez requests an award for fees which primarily include the time spent responding to the government's Motion for New Trial or Remittitur and attending the mediation. ECF No. 135 at 1. Mr. Alvarez also includes two entries in connection with replying in support of the motion for fees and costs that were not included in the first supplemental motion. *Id.* Mr. Alvarez also requests that the Court divert from the rate granted in the previous motion to the originally requested rates. *Id.* Mr. Alvarez calculates the lodestar as $26,680.50 for 48.10 hours billed. *Id.* at 1–2.

The government argues that Mr. Alvarez's claimed hours, rates, and costs are excessive and should be reduced. ECF No. 136 at 1. The government notes that the case contained one plaintiff and one claim with few witnesses and no novel legal issues that culminated in a ten-hour trial. *Id.* The government contends that the retention of four attorneys from three different law firms in three different cities was unreasonable and inefficient. *Id.* Consequently, The

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

government requests that 5.5 hours be excluded from the calculation for their duplicative nature as a result of over-staffing. *Id.* at 1–2.

The government also objects to the hourly rates requested by Mr. Alvarez. *Id.* at 2. The government points to the Court's previous finding that "a reasonable hourly rate based on the practice area, firm size, geographic region, and case difficulty is $350 per hour." *Id.* (citing ECF No. 124 at 15). The government contends that the lodestar fee after adjusting the fee and hours is $14,910. *Id.*

In his reply, Mr. Alvarez points out that the government does not specify why 5.5 hours of the 48.10 requested are to be deemed excessive. ECF No. 137 at 2. Mr. Alvarez argues that four attorneys working at various times on various aspects of post-judgment motions is not sufficient to find that any hours are excessive. *Id.* (citing *Nat'l Federation of the Blind of Texas v. Abbott*, No. 3:09-cv-1567, 2010 WL 11619019, at *4 ("[T]he mere fact that two attorneys are engaged in the same task does not require the Court to exclude the time billed."). The government does delineate which hours from specific attorneys are contested, but Mr. Alvarez points out that nothing further is offered in support for exclusion beyond "over-staffing." *Id.* (citing ECF No. 136 at 2). Mr. Alvarez asserts that the Court would have to make assumptions regarding the time cited by the government which could lead to arbitrary and unfair results. *Id.* at 3. To wit, Mr. Alvarez notes that the 3.7 hours of Mr. McKnight's time (assumed by Mr. Alvarez to exclusively reference time spent at mediation) was justified due to the presence of three attorneys on behalf of the government. *Id.* Mr. Alvarez also argues that excluding Ms. Wheeler's time (assumed by Mr. Alvarez to be spent on the reply) would be contrary to Fifth Circuit precedent. *Id.* (citing *Cruz v. Hauck*, 762 F.2d 1230, 1233–34 (5th Cir. 1985) ("The time spent so replying is compensable under § 1988.")). Mr. Alvarez also disputes reducing Mr. Walsh's and

Mr. Castellanos's time because no reasonable assumption can be made about which time entry the Army takes issue with. *Id.*

Regarding the requested rate, Mr. Alvarez cites to Fifth Circuit precedent indicating that the Court should consider the actual rates charged to paying clients by the attorneys requesting fees rather than "its own experience in the relevant legal market." *Id.* at 1 (citing *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997). In addition, Mr. Alvarez points to the submission of evidence demonstrating that the requested rates are reasonable according to practicing attorneys. *Id.* at 1–2. Moreover, Mr. Alvarez indicates that the requested rates are lower than the rates currently charged by the same attorneys in smaller markets and the same as the awarded rates to these same attorneys in a previous case. *Id.* at 2 (citing *Johnson v. Southwest Research Inst.*, No. 5:15-cv-297, 2019 WL 4003106 at *7 (W.D. Tex. Aug. 23, 2019); ECF No. 117, Exs. 6, 7). On the other hand, Mr. Alvarez points out that the government has not produced any evidence from a practitioner claiming that the requested rates are unreasonable for the relevant market. *Id.* Mr. Alvarez also contends that the fee survey does not outweigh the evidence presented to support the reasonableness of the requested rates. *Id.*

The Court considers the reasonableness of Mr. Alvarez's submission of time entries to determine if the hours contested by the government are duplicative, excessive, and unnecessary. *See Combs*, 829 F.3d at 391–92. While the Court acknowledges Mr. Alvarez's concern that the government did not adequately identify the contested time entries, the Court is able to reasonably discern the entries at issue due to the date, name, and hours specified. *See* ECF No. 135, Ex. B. However, the Court does note that the determination of the necessity of particular billed hours is more visible at trial as opposed to post-trial. For example, the Court could make determinations

on the necessity of the focus group and the witnesses because of the visible impact on the proceedings. *See* ECF No. 124 at 9–10. As such, the Court cannot easily deem the claimed time as unreasonable without further supporting evidence from the government. *See Johnson*, 2019 WL 4003106, at *6 ("[T]he Court will not entertain conclusory assertions about how long [defendant] thinks Walsh should have spent on certain tasks . . . .").

Regarding Ms. Wheeler's time, this Court previously excluded the hours related to the presentation of Gayle Johnson and Rex Thomas as witnesses. *See* ECF No. 124 at 9. However, the Court recognizes that the time entry at issue relates to the post-trial matter of the necessity of the witnesses, not the presentation of the witnesses during trial. *See* ECF No. 135, Ex. B. While the Court did exclude Ms. Wheeler's time previously as excessive, the Court does recognize that Ms. Wheeler would have relevant feedback for a reply to a motion as the presenting attorney. Excluding these hours would contravene precedent and result in an unjust outcome, so the Court declines to exclude these hours. *See Cruz v. Hauck*, 762 F.2d 1230, 1233–34 (5th Cir. 1985) ("The time spent so replying is compensable under § 1988.").

The Court does not find Mr. McKnight's time duplicative. As multiple attorneys were present on behalf of the government, Mr. Alvarez should be able to have multiple attorneys present as well and have their resulting fees compensated. *See* ECF No. 135 at 3. Additionally, the Court already excluded Mr. McKnight's time in preparation for the trial as duplicative, but the presence of a second attorney at mediation who is familiar with the facts of the case is not unnecessary to the Court. *See* ECF No. 124 at 8.

The Court also does not find either Mr. Castellanos or Mr. Walsh duplicative. Quibbling over fractions of an hour is not appropriate for the Court. For example, the government inherently acknowledges the necessity of Mr. Castellanos's time by merely an asking for a

reduction of the time entry rather an entire exclusion. An additional thirty minutes analyzing a sixteen-page order addressing multiple issues does not require the Court to intervene for excessiveness. In addition, the twelve minutes billed by Mr. Walsh for reviewing the mooting of a motion accompanied by conversations with co-counsel regarding the order is well within the purview of the lead counsel on the case. Therefore, the Court grants the hours requested by Mr. Alvarez.

The Court also reviews the requested rate. This Court has already stated that a reasonable hourly rate for this case is $350 per hour. *See* ECF No. 124 at 15. Mr. Alvarez has only provided one additional piece of evidence following the denial of the requested rate indicating the attorneys charge higher rates to hourly clients than the requested rates. *See* ECF No. 135, Ex. 4. The Court does not find this evidence sufficient to reconsider the reasonable rate granted in the previous motion. *See Blum v. Stenson,* 465 U.S. 886, 896, n.11 (1984). As mentioned previously, other courts have used the 2015 State Bar Fact Sheet to determine reasonable rates. *See Halprin v. Fed. Deposit Ins. Corp.*, No. 5:13-CV-1042-RP, 2020 WL 411045, at *7 (W.D. Tex. Jan. 24, 2020) (using the State Bar's 2015 hourly rate fact sheet to calculate a reasonable hourly rate). *See also Joe Hand Promotions, Inc. v. Ramirez*, No. 7:18-CV-346, 2020 WL 43495, at *6 (S.D. Tex. Jan. 3, 2020) (comparing plaintiff's claimed rate with the 2015 State Bar Fact Sheet); *Furlow v. Bullzeye Oilfield Servs., LLC*, No. SA-15-CV-1156-DAE, 2019 WL 1313470, at *3 (W.D. Tex. Jan. 3, 2019), *report and recommendation adopted*, No. 5:15-CV-1156-DAE, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019) (using the 2015 hourly rate fact sheet as baseline for reasonableness and determining that Plaintiff failed to justify an "upward departure . . . [from] the State Bar of Texas Rate Survey median hourly rate"). The granted rate represents a reduction from the out-of-line requested rate, but still is above the median rate for the labor-employment

practice area of the Dallas-Fort Worth-Arlington MSA and the Austin-Round Rock MSA. *See* ECF No. 121, Ex. B. As this case lacked complex issues and did not require specialized training in employment law, the Court finds no reason to depart from its previous decision of a $350 hourly rate. *See Furlow*, 2019 WL 1313470, at *3.

### b. Cost of Mediation

Mr. Alvarez also requests an award of $550 for the mediator's charge for the mediation. ECF No. 135 at 2. Mr. Alvarez points to the Fifth's Circuit inclusion of "reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services" in the attorney's fee. *Id.* (citing *Mota v. Univ. of Texas Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Mr. Alvarez acknowledges that the Fifth Circuit held that a mediation fee was not compensable but distinguishes this present case by noting that the mediation was court-ordered rather than voluntary. *Id.* (citing ECF No. 129).

The government disagrees with the distinguishing of *Mota* from this case. ECF No. 136 at 2. The government contends that neither *Mota* nor Title VII have an exception for court-ordered mediation. *Id.* at 2, n.2. Moreover, the government notes that Mr. Alvarez opted for a private mediator over a cost-free mediation with Magistrate Judge Manske. *Id.* (citing Ex. 1).

The Court considers whether Mr. Alvarez should be compensated for the mediation cost. Under *Mota*, the costs of mediation do not fall within § 1920 as federal courts may only award costs articulated in § 1920. *See Mota*, 261 F.3d at 530. The Fifth Circuit also held that the costs of mediation do not fall within the category of expenses taxable under Title VII. *See id.* Following *Mota*, the Fifth Circuit expanded the bar against recovery of medication costs to ERISA cases. *See Cook Children's Medical Center v. New England PPO Plan of Gen. Consol. Mgmt., Inc.*, 491 F.3d 266, 277 (5th Cir. 2007). The Fifth Circuit has also reaffirmed its holding

for mediation costs within a Title VII case in a nonprecedential opinion. *See Alexander v. City of Jackson Miss.*, 456 Fed. App'x 397, 402 (5th Cir. 2011). No other court has created an exception to this established precedent. *Contra Stevenson v. Lasalle Corrections Transport, LLC*, No. 3:13-CV-2105-N, 2015 WL 11120525 (N.D. Tex. April 21, 2015). In light of clear precedent, the Court does not deviate to create an exception for the present case. Furthermore, Mr. Alvarez had the option of a cost-free mediation with Magistrate Judge Manske but chose to use a private mediator. *See* ECF No. 136, Ex. 1. The Court respects Mr. Alvarez's right to a private mediator but does not find that exercising that right is a "reasonable out-of-pocket expense." *See Mota*, 261 F.3d at 529.

### IV.     CONCLUSION

Based on the foregoing, Plaintiff's Supplementary Motion for Attorneys' Fees and Costs **GRANTED IN PART** and **DENIED IN PART** where Mr. Alvarez can recover the full hours requested, but at a rate of $350 per hour. Mr. Alvarez cannot recover the mediation costs. Specifically, the Court awards $16,835 in attorneys' fees.

**SIGNED** this 31st day of July, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE